EMBURY v. GOODENOUGH.

1. EQUITY—BILL TO QUIET TITLE—TAXATION.

The owner of land which has been sold to the State at tax sales has, after the expiration of the period for redemption, no title which will sustain a bill to remove a cloud.

2. TAXATION—STATE BID—STATUTES.

Under 1 Comp. Laws, § 3984, a sale of land to the State for delinquent taxes vests the title in the State.

3. SAME.

A purchase by a claimant of the title to real property from the State, upon a false affidavit of ownership, does not inure to the benefit of the former owner as a redemption.

Appeal from Mackinac; Shepherd, J. Submitted January 7, 1909. (Docket No. 27.) Decided June 7, 1909.

Bill by S. Harris Embury against Lodema O. Good-

enough and Emery D. Weimer for the cancellation of a tax deed. From a decree for complainant, defendants appeal. Reversed, and bill dismissed.

*Reilley & McPhee* (*Humphrey & Grant*, of counsel), for complainant.

*Smurthwaite & Alway* (*M. B. Danaher*, of counsel), for defendants.

HOOKER, J.  Wilcox, a resident of Connecticut, acquired the government title to the W. ½ of section 10, town 42 N., range 1 E., in 1882. It was subsequently bid in to the State for delinquent taxes for the years 1883, 1885, 1886, 1887, 1890, 1895, 1896, 1897, 1898, and 1899. The auditor general made a deed of the S. W. ¼ of said section to the defendants, dated September 28, 1903, receiving therefor a proportionate share of the taxes assessed upon the entire W. ½ of section 10, and the required interest, penalties, and charges. He was induced to do this by the filing of an affidavit made by Weimer stating that he was the owner of said S. W. ¼. This affidavit was dated July 30, 1903. It was false, for Wilcox remained such owner until November 7, 1905. Weimer caused the statutory notice to be sent to Wilcox at his home in Connecticut on March 25, 1904, by registered letter, which was receipted for by Wilcox April 1, 1904. Wilcox made no attempt to repurchase under the provisions of the statute, and on November 7, 1905, quitclaimed to Fultz, who before his purchase learned the facts relating to the purchase by Weimer and Goodenough, who are said to have been in copartnership in the lumber business. Fultz applied to the auditor general for a cancellation of the deed to the defendants, and to be allowed to redeem the land on the ground that the deed had been obtained fraudulently by means of a false affidavit. The auditor general dismissed the application upon the ground that, the application and affidavit of Weimer being regular on their faces, he had not authority to cancel the deed. He returned the money

deposited by Fultz. This was in the fall of 1905. In April, 1906, Fultz conveyed his title to the land by quitclaim deed to Charles H. Horton, who quitclaimed the same to complainant on April 17, 1906. This bill was filed on March 6, 1907, after complainant had on February 19, 1906, offered to pay defendants the amount paid by them to the auditor general, which was refused. The bill prays the cancellation of the auditor general's deed as a cloud on complainant's title, and general relief.

Complainant maintains that:

(1) The auditor general's deed was absolutely void because it was obtained by fraud, under circumstances which forbade the sale of the southwest quarter alone.

(2) Defendants' transaction was, at most, a redemption, and not a purchase from the State, as the statute does not authorize a purchase, and consequently defendants did not obtain a title from the State, and the redemption inured to the benefit of the real owner, and the payment, being voluntary, could not be recovered from State or owner.

Other questions are raised, but we think it unnecessary to mention them, as they cannot affect the case, as we look at it.

At the time that defendants procured their deed from the State, the latter was owner of the absolute title; Wilcox's title having been divested by the sale to the State and the expiration of the period within which he might have redeemed it. *Horton* v. *Helmholtz*, 149 Mich. 229 (112 N. W. 930); *Haney* v. *Miller*, 154 Mich. 337 (117 N. W. 71, 745). If, as complainant alleges and claims, the sale by, and deed from, the auditor general were absolutely void for the reason alleged, viz., that, defendant Weimer not being the owner of the south quarter section, he could not buy, and the auditor general could not sell, it under the provisions of section 3984, 1 Comp. Laws, it follows that Wilcox had no title to the premises, and that his quitclaim deed conveyed none (see *Horton* v. *Helmholtz, supra*); and complainant, having no title, cannot complain of defendant's alleged cloud. If there is

any cloud, it is upon the title of the State, and in this the complainant has no interest. A similar bill was filed in the case of *Horton* v. *Helmholtz, supra,* and we said:

"If, as contended, the deed (tax) first issued was void, and the complainant took steps which entitled him to a deed, we think it must follow under the cases cited that he acquired some sort of an equitable title, and that he might have it quieted in such a proceeding as this."

If this is more than a dictum, the complainant's bill does not bring him within the rule thus stated, for he is not alleged to have taken steps to entitle him to a deed. On the contrary, he is here asserting that defendants' purchase was a redemption of which he should have the benefit, a position which we consider untenable. After the period of redemption expires, the State's title can only be divested, under existing laws, by a sale to, and purchase by, somebody, and, until there is such purchase or application to purchase by someone, no equitable right which will sustain a bill to remove a cloud exists in anyone.

The decree of the circuit court is reversed, and a decree will be entered dismissing complainant's bill, with costs of both courts.

BLAIR, C. J., and GRANT, MOORE, and McALVAY, JJ., concurred.