## BACKUS *v.* HOYT.

1. TAXATION—REDEMPTION—TAX TITLE—TENDER—EQUITABLE RELIEF.

In a suit to redeem land from a tax purchase, after a tender by the complainant of the amount required by law, the purchaser is equitably entitled to reimbursement for sums paid to redeem from a subsequent tax in order to protect his interest.

2. SAME—JOINT PURCHASE—BONA FIDES.

Defendants that were jointly interested in the purchase of tax titles on various lands are not purchasers in good faith of lands so bought of the State by one of them, who conveyed by quitclaim deed to the others.

Appeal from Alcona; Connine, J. Submitted October 25, 1910. (Docket No. 106.) Decided February 1, 1911.

Bill by Newton D. Backus, administrator of the estate of Sarah E. Backus, deceased, against Albert U. Hoyt, Henry K. Gustin, and Charles Conklin, to redeem certain lands from a tax purchase. From a decree for complainant requiring the payment of a specified sum, both parties appeal. Affirmed.

*Albert McClatchey*, for complainant.

*Henry K. Gustin*, for defendants.

OSTRANDER, C. J. Taxes assessed against certain lands in Alcona county in the year 1901 were unpaid, and the lands were sold and bid to the State in May, 1904. Defendant Hoyt purchased from the State, and, the lands not having been redeemed, received the tax deeds. The lands were assessed for taxes in 1902, 1903, and 1904, the tax remaining unpaid. Defendant Hoyt, on December 14, 1905, filed proof of personal service of notice to redeem upon Sarah E. Backus, which notice was signed, "Albert U. Hoyt. Place of business, Bay City, Michigan." Complainant is administrator with the will annexed of the estate of Sarah E. Backus, deceased, who was the person upon whom the notice to redeem was served. Within six months after service of said notice, the said owner, by her agent, Henry N. Backus, tendered to said Hoyt personally, at Bay City, $92.82, and the fees of the sheriff for serving said notice, which tender was refused. The sum tendered was the amount demanded by the notice. The money tendered was not deposited or placed subject to the order of Hoyt. After the refusal of the tender, and in the year 1909, defendant Hoyt conveyed the land by quitclaim to defendants Gustin and Conklin, who claim to be owners of the land. Hoyt redeemed the lands from the taxes of 1902 on April 30, 1906, paying $61.84, and the defendants, or some of them, have since paid or caused to be paid the taxes for the years 1903, $62.70, for the year 1904, $44.94, and defendant Gustin redeemed them from taxes for the year 1905 by paying $45.78. To a bill filed by the administrator to compel release of Hoyt's tax title and a reconveyance, there was an answer, a cross-bill, which was answered, and replication. The cause came on for hearing February 10, 1910. The facts which have been stated are not now contested.

The court found that a legal tender was made to defendant Hoyt, that the other defendants are neither of them good-faith purchasers from Hoyt. In the decree it is provided that complainant may redeem by paying to defendants or depositing with the register $168.21, less

the taxable costs of the suit. This includes the taxes assessed for the year 1902. From this decree all parties have appealed.

Complainant asks that the amount required to be paid be diminished by the sum of $61.84, the amount of the taxes for 1902, plus $12.35, the interest thereon; in all, $74.29. He admits that he paid into court, before appealing, the sum called for in the decree. Defendants contend that because the tender which was made did not include money for the year 1902 which Hoyt had paid before the tender was made, and which he had been obliged to pay to protect his purchase for the tax of 1901, the sum tendered was too small. If, as we think must be conceded, the sum tendered to Hoyt was the sum required by the statute to be paid, either to him or to the register in chancery, to secure a reconveyance of the lands, the imposition of any greater burden in a suit brought to compel Hoyt to do what he ought to have done when the tender was made must be demanded, or excused, by equitable considerations. We think such considerations grow out of the fact that the payment of the 1902 tax inured to the benefit of the landowner, and was made by defendant Hoyt before the tender and before the time when the right of complainant's decedent to secure a reconveyance had expired, to protect the title which he already held. But equity requires no further sum to be paid by complainant. One who reads the record will conclude that these defendants were jointly interested in the purchase of tax titles on these and other lands, that the reconveyance did not in fact affect the interest of any of them as against the others, and that the knowledge possessed by one of them was possessed by all of them.

The decree is affirmed, without costs to either party, except that the cost of printing the record will be evenly divided between complainant and defendants.

BIRD, HOOKER, MOORE, and STONE, JJ., concurred.