## McRae v. Barber.

1. Taxation — Actions — Trespass — Tax Title — Notice — Redemption.

　　Ejectment lies in favor of the owner of lands surreptitiously occupied by a tax title purchaser who has failed to give due notice to redeem under Act No. 229, Pub. Acts 1897, which was in force at the time of purchase.

2. Same.

　　The possession of such tax purchaser is a mere trespass.

Error to Ogemaw; Sharpe, J. Submitted April 3, 1912. (Docket No. 24.) Decided July 11, 1912.

Ejectment by John McRae and others against William Barber and another. A judgment for plaintiffs on a verdict directed by the court is reviewed by defendants on writ of error. Affirmed.

*F. L. Snodgrass,* for appellants.

*William T. Yeo,* for appellees.

Brooke, J. This case has been in this court before and will be found reported at 167 Mich. 314 (133 N. W. 12). We there held that defendants were obliged to give notice under Act No. 229, Pub. Acts 1897, and that the notices relied upon by defendants were defective in certain particulars there pointed out. Upon the second trial the plaintiffs made proof of ownership under the original title as they did at the first trial. No evidence was offered by defendants disputing the claim of title established by plaintiffs. Nor at this hearing was any evidence introduced by defendants showing, or tending to show, a compliance with the terms of the statute in force at the time of the purchase relative to notice of reconveyance.

It is clear that defendants are in possession of the property in question under tax deeds.   It is equally clear that they obtained such possession surreptitiously, ousting the plaintiffs who were in actual occupancy, before complying with the applicable statutory requirements.   Under such circumstances, this court has frequently held possession to amount to no more than a trespass.   *Corrigan* v. *Hinkley*, 125 Mich. 125 (83 N. W. 1020); *Huron Land Co.* v. *Robarge*, 128 Mich. 686 (87 N. W. 1032); *Powell* v. *Pierce*, 168 Mich. 427 (134 N. W. 446).

In the case last mentioned it was held that the owner of unoccupied and uncultivated lands, whose title had been twice acquired by the State in tax proceedings which were not assailed, could not maintain ejectment against a trespasser in possession under a tax deed.

The propriety of the remedy in the case at bar is not affected by that decision as the lands here in question were occupied and, to some extent, cultivated for several years prior to the commencement of the suit.   The record indicates that plaintiffs stand ready to redeem from the tax title purchase.   It further shows that a tender of $800 was made for that purpose by them to Geo. Thayer, defendants' grantor.   The exact amount necessary to redeem is simply a matter of computation under the statute.   A verdict in favor of plaintiffs was properly directed.

The judgment is affirmed.

MOORE, C. J., and STEERE, McALVAY, STONE, and OSTRANDER, JJ., concurred.   BLAIR and BIRD, JJ., did not sit.