JACQUES v. BOSMAN.

TAXATION—LIMITATION OF ACTIONS—QUIETING TITLE—FIVE-YEAR STATUTE OF LIMITATIONS—RETROACTIVE EFFECT.

The five-year limitation fixed by Act No. 58, Pub. Acts 1907 (1 How. Stat. [2d Ed.] § 1843), requiring notice to redeem to be served within five years after obtaining a tax deed, does not apply to deeds issued before the act took effect.

Appeal from Newaygo; Davis, J., presiding. Submitted April 20, 1914. (Docket No. 34.) Decided July 24, 1914.

Bill by William M. Jacques against George W. Bosman to remove a cloud from complainant's title to lands. From a decree for defendant, complainant appeals. Affirmed.

*George Luton* (*Arthur G. Day*, of counsel), for complainant.

*Fred R. Everett* (*Dunham & Dunham*, of counsel), for defendant.

STEERE, J. Complainant filed this bill to remove a cloud from his title to section 4, town 15 N., of range 13 W., being a wild, uncultivated, and unoccupied tract of land in Newaygo county, consisting of 640 acres.

The cloud sought to be removed consists of a tax deed, and the record thereof, issued by the auditor general of this State to defendant on August 19, 1907, covering the delinquent taxes assessed against said land for the years 1889 to 1903, inclusive.

Complainant is the last owner in the recorded chain of title by mesne conveyances under a patent issued by the United States government in 1868. He acquired the same by two deeds, dated October 26, 1912, and January 23, 1913, given him by one Nancy Runnels, who acquired title in 1904 by mesne conveyances from Eber B. Ward, who secured title by patent from the United States government.

Neither complainant nor his predecessors in title have paid any taxes upon said land since 1889. Defendant, at the time of hearing this case, had paid in the purchase of his tax title and for subsequent taxes, including those of 1912, the sum of $2,356.17.

On March 8, 1913, defendant served on complain-

ant the notice relative to reconveyance, etc., required to enforce redemption, or perfect a tax title, under Act No. 229 of the Public Acts of 1897, and amendments thereof in force at the time he obtained his tax deed, and also at the time such notice was served, except that Act No. 58 of the Public Acts of 1907 (1 How. Stat. [2d Ed.] § 1843), had fixed a limit of five years from the time of obtaining a tax deed in which to serve such notice. This act took effect September 28, 1907. The notice was served over five years after he had obtained his tax deed; but the tax deed was obtained before said act became operative.

Complainant claims that defendant served his notice too late, and all his rights are cut off by his failure to move within the five years' limitation prescribed by said act. The controlling and only question here involved is whether Act No. 58 applies to a tax deed issued prior to the time said law took effect.

When this case was appealed, and briefs filed herein, the question had not yet been decided by this court; but we think it is now foreclosed by the recent case of *Holmes* v. *Soule*, 180 Mich. 526 (147 N. W. 621), also a case in which complainant filed a bill to quiet an original title, alleged to be clouded by a tax title issued prior to September 28, 1907. While other questions were involved, complainant also urged that defendants were barred by this statute from claiming a lien upon the land because no valid notice to redeem was given within five years after purchase of the tax title. Upon this point it was there said:

"No other or additional right accrued to him [complainant] by virtue of Act No. 58, Pub. Acts 1907, because the act has no application. In the first place, the intention of the legislature that the act passed in 1907 shall have retroactive effect is not clear, and in the second place, the tax deeds established between the purchaser and the State contract relations which it will not be presumed the State intended to violate

181 Mich.—32.

or to change. A third reason may be stated, which is that a general statute of limitations must operate uniformly, and the statute invoked would not do so if it were applied to titles acquired before the law was passed."

The question was ably briefed and argued, in that case, as it is here, and was then carefully considered by the court. It is unnecessary to again review it. Said Act No. 58 does not apply to tax deeds issued prior to the time it went into effect. The public records are always available to holders of original titles to ascertain if any taxes are delinquent or tax deeds outstanding, and they can redeem at any time prior to the expiration of six months after service of the legal notice required by statute.

The decree of the Newaygo county circuit court, in chancery, dismissing the bill of complaint filed herein, is affirmed, with costs.

McALVAY, C. J., and BROOKE, KUHN, STONE, OS-TRANDER, BIRD, and MOORE, JJ., concurred.