MARSHALL *v.* ANDERSON.

1. TAXATION — EVIDENCE — SERVICE OF REDEMPTION NOTICE — OFFICER'S RETURN MAY BE ATTACKED.

In a suit to quiet a tax title, defendant's testimony that she had not been served with notice of redemption was admissible in evidence, although the tax redemption notice introduced in evidence bore a return by the deputy sheriff that he served the same on defendant.[1]

2. SAME — DEFENDANT'S TESTIMONY INSUFFICIENT TO OVERCOME OFFICER'S RETURN REGULARLY MADE.

Defendant's testimony that she was not served with notice of redemption, *held*, insufficient to overcome the return of the deputy sheriff, regularly made, that said notice was served.[2]

3. SAME — LESSEES IN POSSESSION UNDER UNRECORDED LEASE NOT ENTITLED TO REDEMPTION NOTICE.

Lessees of land sold for taxes were not entitled to notice of redemption, where the lease was signed only by the owner's husband without written authority, and was neither acknowledged, witnessed, nor recorded.[3]

---

[1]Taxation, 37 Cyc. p. 1406; [2]Id., 37 Cyc. p. 1406; [3]Id., 37 Cyc. p. 1399.

4. SAME—SIGNS ERECTED BY LESSEES INSUFFICIENT NOTICE TO IM-
   PLY THEY HAD INTEREST IN THE LAND.

> Signs erected on land by the lessees were insufficient to
> give the tax title owner notice that they had an interest
> in the land requiring service on them of notice of re-
> demption, since said signs would imply a license and not
> necessarily an interest in the land.[4]

5. SAME—REDEMPTION NOTICE—STATUTORY REQUIREMENTS MANDA-
   TORY—GRANTEES IN LAST RECORDED DEED.

> The statutory requirement that notice to redeem from
> sale of land for taxes be given to the grantees in the last
> recorded deed in the regular chain of title is mandatory
> and must be complied with although said grantees had
> nothing to redeem, they having been divested of their title
> by the auditor general's deed to the State as State tax
> homestead lands.[5]

Appeal from Muskegon; Vanderwerp (John), J.
Submitted October 20, 1925.    (Docket No. 96.)    De-
cided January 28, 1926.

Bill by William Marshall against Dora Anderson to
quiet title to land.    Defendant filed a cross-bill to re-
deem from a tax sale.    From a decree for plaintiff,
defendant appeals.    *Reversed.*

•

*Cross, Foote & Sessions,* for plaintiff.

*Alex. Sutherland,* for defendant.

BIRD, C. J.    Plaintiff filed his bill to quiet his tax
title to lot 10, block 3, Torrent and Arms' enlarged
and corrected plat of the city of North Muskegon.
To establish his case plaintiff introduced tax deeds
from the auditor general to John C. Carnes, covering
the delinquent taxes from 1911 to 1920, also deed from
the auditor general to S. E. Pringle.    Pringle sub-
sequently conveyed his interest to Carnes, and Carnes
in turn conveyed the lot to plaintiff in August, 1924.

---

[4]Taxation, 37 Cyc. p. 1399; [5]Id., 37 Cyc. p. 1397.

233—Mich.—31.

Plaintiff also showed that a notice to redeem was served upon defendant by John C. Carnes. Defendant's title was shown by a homestead tax deed from the State of Michigan in 1907.

Defendant questions the plaintiff's right of possession because:

(1) The tax redemption notice was never served on her.

(2) No tax redemption notice was ever served on Peter Steketee & Son, who were the lessees of said lot.

(3) Because no notice was served on Hackley and Hume, who appeared as the grantees in the last recorded deed in the regular chain of title.

1. The tax redemption notice introduced in evidence bore a return by the deputy sheriff that he served the same on defendant December 13, 1921. Defendant testified that it was never served on her, although she testified that she remembers the deputy sheriff being at her house to serve a paper in another matter, but did not state what the other matter was. Plaintiff contends that this was a collateral attack upon the return of the officer and was not competent. We think in that contention plaintiff is in error. That question arose in *Winters* v. *Cook*, 140 Mich. 483, and Mr. Justice HOOKER, speaking for the court, said:

"Counsel insists upon complainant's right to a technical construction and application of this statute, and the rule that an officer's return cannot be attacked collaterally; insisting that it was a return of process in the original tax case. * * * The remedy is the usual one by petition. * * * And the notice and return of the sheriff or receipt for registered letter is not the process that gives the court jurisdiction over the defendant or the subject-matter. Both have to be pleaded in the petition, and both must be proved if denied. See 1 Comp. Laws (1897), § 3960. And either is subject to contradiction as in other cases."

See, also, *Curry* v. *Backus*, 156 Mich. 342; *Clugston* v. *Rogers*, 203 Mich. 339.

The return appears to be regularly made, and the defendant's testimony has not persuaded us that she never received it.

2. Defendant produced a lease of the lot to Peter Steketee & Son in March, 1915, to continue for five years, with the privilege of renewal at the same rate, and it is the contention of the defendant that a notice to redeem should have been served upon these parties. We cannot agree with this contention, as the lease was not signed by Dora Anderson, the owner, but by her husband, and no written authority for his so doing appears. A further reason is that the lease was neither acknowledged, witnessed nor recorded. Some argument is made that plaintiff had notice of Steketee's possession by reason of the signs which he had erected on said lot. We do not think this is sufficient, as the presence of the signs on the lot would imply a license as much as it would a lease, and perhaps more. It would not necessarily imply an interest in the land.

3. The third question is more difficult. The trial court indicated he was in doubt as to how it should be answered. It is argued by defendant's counsel that Hackley and Hume are the grantees in the last recorded deed in the regular chain of title. Defendant's deed from the State had never been recorded. Plaintiff answers this by saying that the auditor general deeded the lot to the State as State tax homestead lands, that when that was done Hackley and Hume lost all interest in the title, and were not entitled to notice to redeem. We are much impressed by this contention. The privilege of redemption was given to one whose lands had been sold for taxes to enable him to pay up and secure a reconveyance of his land. Where the auditor general had sold lands this

right would be valuable, because the owner would have a contingent interest in the land, but this privilege would be of no avail to the former owners of State tax homestead lands, as the former owners had been divested of title when they became homestead lands. *Griffin* v. *Kennedy,* 148 Mich. 583.    Had notice been served on them they would not thereby have been enabled to redeem, as they had nothing to redeem, they had no contingent nor equitable interest.    Therefore, the notice to redeem served on former owners of State tax homestead lands would be a useless ceremony.    This appears to us sound, but the difficulty of so holding is the case of *G. F. Sanborn Co.* v. *Richter,* 176 Mich. 562.    There was a similar situation in that case, the only difference being that the former owners had voluntarily divested themselves of title, whereas here Hackley and Hume were involuntarily divested of their title, a difference which would not affect the principle.    In that case it was held that notwithstanding the former owners had divested themselves of the title they were entitled to the statutory notice to redeem.    It was there said:

"The statute (section 140 of the general tax law) provides for service of the notice upon 'the grantee or grantees under the last recorded deed in the regular chain of title to said land, and upon the grantee or grantees under the last recorded tax deed issued by the auditor general,' etc.    This language is so plain as to render construction unnecessary.    Defendant's grantor, Gunderson, evidently understood the statute requirements, for he made an attempt to serve the notice upon the American Mining Company, the grantor of the Derby Mining Company, apparently being under the impression that the American Mining Company was the grantee in the last-recorded deed in the regular chain of title.

"Until the statutory notice is served upon all parties entitled thereto and proof thereof is made and filed,

the right of redemption remains to all.  *Hansen* v. *Hall,* 167 Mich. 7, and cases there cited."

This would indicate that the giving of the notice in compliance with the statute is mandatory.  If we shut our eyes to the reason and apply the rule strictly, then the State, or director of conservation, should have had the notice to redeem, as the State deed was duly recorded in March, 1904, and it was the last grantee in the regular chain of title.

Considering all the questions which this holding involves we think it is the better conclusion to say that the statute is mandatory and should be complied with.  In view of this the decree must be reversed and defendant given the right to redeem.  Defendant offers by her answer and cross-bill to reimburse plaintiff for all taxes he has paid and for all taxes paid by Carnes.  By so doing, and paying the State all delinquent taxes on the lot, within 30 days from the filing of this opinion, she will be permitted to redeem.  Upon compliance with the conditions defendant will be entitled to costs.

Decree reversed.

SHARPE, STEERE, FELLOWS, WIEST, CLARK, and MCDONALD, JJ., concurred.

Justice MOORE took no part in this decision.