WATTERS *v.* KIERUJ.

1. TAXATION — TAX SALES — PROVISIONS OF STATUTE REQUIRING NOTICE TO REDEEM ARE MANDATORY.

    The provisions of the statute (1 Comp. Laws 1915, § 4138), requiring the grantee in a tax deed to give notice of the right to redeem are mandatory, and in order to perfect his title he must conform thereto.

2. SAME—FAILURE TO GIVE STATUTORY NOTICE TO REDEEM RENDERS TAX DEED VOID.

    Failure of the grantee in a tax deed issued in 1923 to serve notice of the right to redeem upon the grantee under a tax deed issued by the auditor general in 1858, being the deed issued for the latest year's taxes then appearing of

¹Taxation, 37 Cyc. p. 1395; ²Id., 37 Cyc. p. 1396.

record, as required by the statute (1 Comp. Laws 1915, § 4138), rendered his title void.

3. SAME—STATUTES—PROVISIONS OF STATUTE NOT RETROACTIVE.

The provision in the present statute (1 Comp. Laws 1915, § 4071), whereby the rights of a purchaser at a tax sale under certain conditions are barred if not perfected within five years after the purchaser is entitled to a tax deed, has no effect upon the validity of a tax deed issued in 1858, where said provision was not contained in the law at that time.

4. SAME—DEFECTIVE DESCRIPTION IN NOTICE TO REDEEM FATAL—DETROIT CHARTER.

The notice to redeem, given by the purchaser of land sold for taxes under the charter of the city of Detroit, which did not describe the land as being in said city, was fatally defective, although the description contained in said notice might have been sufficient in an ordinary conveyance between individuals.

5. SAME—NOTICE ON EXECUTOR INSUFFICIENT WHERE IT FAILED TO SO DESIGNATE RECIPIENT.

If the requirement in the charter of the city of Detroit that notice to redeem land sold for taxes be given to the "owner or occupant or parties in interest" may be said to have been complied with by serving notice on the executor of the deceased owner's estate, by reason of the provisions of his will authorizing the executor to sell the land, still the notice was insufficient where it failed to disclose that it was served on the recipient as such executor or that the land involved belonged to deceased's estate.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 3, 1928. (Docket No. 19.) Decided June 4, 1928.

Bill by Katherine L. Watters against Felix Kieruj and others to quiet title to land sold for the nonpayment of taxes. From a decree for defendants, plaintiff appeals. Affirmed.

[3]Taxation, 37 Cyc. p. 1469; [4]Id., 37 Cyc. p. 1402; [5]Id., 37 Cyc. p. 1401; 24 A. L. R. 331.

*Shapero & Shapero,* for plaintiff.

*G. Lewis Carter, Robert J. Hanley,* and *Henry M. Kelly,* for defendants.

NORTH, J. At his death in 1919 Felix Kieruj was the owner of lot 5 of Fox and Quinn's subdivision of the city of Detroit. Sigmund J. Dziatkiewicz was named executor of the estate and by the terms of the will was directed to reduce all of the property to cash and to distribute it in various amounts to numerous legatees specified. While the estate was pending the property above described was sold at tax sale because of the nonpayment of State and county taxes for the year 1918 and it was also sold because of unpaid city taxes for 1921. The plaintiff herein claims title to this property as the assignee or grantee of the purchasers at these tax sales. She filed a petition for a writ of restitution and also instituted a suit in ejectment; but by stipulation these proceedings were consolidated and a bill of complaint was filed by which the plaintiff seeks to have her title to this property quieted. In the interim the Union Trust Company had been appointed administrator *de bonis non* of the estate of Felix Kieruj, deceased. The trust company, the former executor, and certain of the legatees were made defendants. These defendants deny the right of the plaintiff to relief, and in cross petitions ask that it be decreed that the plaintiff has no valid title to this property and that upon payment by the defendants of the amounts required to redeem from the tax sales, all claim of title through said tax sales be deemed canceled and released. After the hearing in circuit court a decree was entered in which the relief sought by plaintiff was denied and her title to the premises involved held to be invalid for various reasons set forth in the decree, and the estate of Felix Kieruj was allowed to redeem the property from the tax claims

upon payment of certain sums fixed by the court. The plaintiff has appealed.

Numerous questions are presented by the record, but it will be necessary to consider only those that are controlling as to the validity or invalidity of each of the tax titles through which the plaintiff claims. If either title is found to be valid, the plaintiff must prevail; but if neither is free from fatal defects, the defendants are entitled to relief.

1. Has the plaintiff acquired an absolute title through the auditor general's deed given incident to the sale for State and county taxes? This deed bears date of May 7, 1923. The statutory notice of the right to redeem within six months (1 Comp. Laws 1915, § 4138) was served on the executor, Sigmund J. Dziatkiewicz, June 30, 1923, and the return of such service was duly filed with the county clerk. But the same section of the statute also requires service of such notice "upon the grantee or grantees under the tax deed issued by the auditor general for the latest year's taxes then appearing of record," etc. The taxes assessed against this land for the year 1856 were not paid. At the tax sale held in October, 1857, the property was bid in by the State. The statute then in force provided for redeeming the land at any time within one year next succeeding the sale. This parcel was not redeemed. November 17, 1858, the auditor general executed and delivered a deed thereof to Edward S. Snow who had purchased through the auditor general's office. This deed was properly recorded in the office of register of deeds for Wayne county December 2, 1858. Neither actual nor substituted service of the statutory notice was obtained on the grantee in this tax deed. It is urged by the plaintiff that this deed was prematurely issued by the auditor general and was void, but this contention is not well founded. It is further asserted by the plain-

tiff that at best this tax deed is only an ancient document, long since outlawed, and therefore service on the grantee named therein of notice to redeem should not be required. The statute specifically states the steps which must be taken by the grantee in a tax deed in order to perfect his title, and to these requirements he must conform. The provisions of the statute are mandatory. *G. F. Sanborn Co.* v. *Richter,* 176 Mich. 562; *Marshall* v. *Anderson,* 233 Mich. 480; *Hildie* v. *Eckhart,* 203 Mich. 346. Attention is called by the appellant to the statutory provision (1 Comp. Laws 1915, § 4071) whereby the rights of a purchaser at a tax sale under certain conditions are barred if not perfected within five years after the purchaser is entitled to a tax deed. This provision was not contained in the law at the time the tax deed was issued to Snow and can have no retroactive application. *Holmes* v. *Soule,* 180 Mich. 526; *Jacques* v. *Bosman,* 181 Mich. 495. The statute provides the method by which the plaintiff was required to obtain either actual or constructive service of the notice of the right to redeem upon the grantee in this tax deed which was a matter of record. The plaintiff has not perfected her title, and the defendants have the right to redeem from the sale of this land for State and county taxes. *G. F. Sanborn Co.* v. *Richter, supra.*

2. The remaining question for consideration is whether the plaintiff has a valid 99-year lease of the premises in question, which leasehold interest she claims to have obtained incident to the sale of this property for city taxes. The Detroit city charter requires service of notice to redeem, and it is essential that the property should be described with sufficient accuracy to constitute fair and reasonable notice to the party on whom it is served. In the notice to redeem, the description in this case was typewritten and appears in the record in the following form:

"City of Detroit
"Lot 5. N. Warren. Fox & Quinn Sub'n of west
40 acres of S. E. ¼ of Sec. 4, T. 2 S., R. 11 E., Spring-
wells Twp., Wayne Co., Mich."

The words "City of Detroit" appear to have been
inserted at the head of this notice in typing different
from that in the body of the notice. The trial judge
found and recited in his decree that the lease from
the city of Detroit was void and gave as a reason the
following:

"Because the notice required in the charter and
claimed to have been served did not contain a correct
description of the land as conveyed by the deed as it
did not set forth that the land was in the city of De-
troit; the words 'city of Detroit' not being in the notice
served, and therefore not identifying the property or
conveying to the mind of the party the information as
to what property was affected by the sale."

This provision in the decree had been preceded by
a specific finding of the trial judge wherein he stated:

"I find as a fact that this notice signed by John
Faust was insufficient in the description, in that at the
time it was signed and filed it did not contain the words
'city of Detroit.' They were added thereafter by some
person unknown."

Aside from the notice itself, the testimony concern-
ing it came largely from the witness who served the
same. His testimony was conflicting and of an un-
certain character, and he appears to have been desirous
of favoring the plaintiff's case as much as possible.
The circuit judge had full opportunity to hear and ob-
serve this witness and to note his attitude while testi-
fying; and we find nothing in the record which would
justify us in setting aside the determination of the cir-
cuit judge as set forth in the portion of the decree above
quoted. Notwithstanding the notice served contained
a description which might be sufficient in an ordinary
conveyance between individuals, although it did not

contain the words "city of Detroit," we are in accord
with the circuit judge in holding that the notice to
redeem which did not describe this land as being in
the city of Detroit was fatally defective because, in-
stead of being fair and reasonable, such a notice would
tend strongly to mislead and deceive by its failure
to disclose that the land was in fact located in the
city of Detroit rather than in an outlying township.
In *Jackson* v. *Sloman,* 117 Mich. 126, Justice HOOKER
said:

"We should, however, note a distinction between
cases upon conveyances between private persons, aris-
ing out of a sale and intentional transfer, and those
where title is sought to be divested through tax pro-
ceedings. The requirements as to the description in
tax proceedings are not only aimed at securing an
identification of the property that will be certain, but
are designed to afford notice to the owner that proceed-
ings affecting his property are pending. The descrip-
tion should therefore be such as not to mislead him,
if it departs from strict accuracy as stated by statutory
rules."

The notice to redeem from the city tax sale was also
defective in that it in no way disclosed that it was in-
tended as a notice to the executor of the estate of
Felix Kieruj, deceased, or that it pertained to the
property of Felix Kieruj or his estate. It was served
on Sigmund J. Dziatkiewicz who at that time was
acting as the executor of this estate. The Detroit city
charter requires service of the notice to redeem on
"the owner or occupant of or parties in interest in
such real estate, as shall appear by the last recorded
deed conveying title thereof." In this case there is
no testimony whatever of service upon either the owner
or occupant or upon the parties in interest, except the
service upon Sigmund J. Dziatkiewicz who was the
executor and also a legatee. Notwithstanding there
is no provision in the charter for such service, the

claim is here made that because of the provisions in the will of Felix Kieruj valid service could be made on his executor. If this be conceded for the purpose of this case, still we are constrained to hold that such a notice to be effective must in some reasonable, clear, and definite manner disclose that it was served on the recipient as such executor or that the property involved belonged to the estate of the deceased. The notice served in the instant case contained no information whatever of this character. In giving the notice a printed form such as is provided for in the city charter was used. This printed form was addressed: "To the owner or occupant or parties in interest of the real estate herein described." The impracticability and the unfairness of such a notice becomes apparent if one contemplates its service upon a trust company having charge of many estates. Omitting to refer to the representative character of the one served or to identify the property as a part of the estate to which it belongs would result in the failure of the notice to serve the very purpose for which it was intended. The following has been said relative to the statutory notice to redeem, and it applies with equal fitness to the Detroit charter provision for redemption:

"This section was designed as a relief to owners of delinquent tax lands, and to prevent the divestiture of their titles, beyond redemption, through ignorance, inattention, or carelessness. It plainly indicates that the purchaser is expected to give an express notice, wherever practicable, with a six-months interval thereafter, within which the land may be redeemed. It imposes upon the purchaser the obligation of good faith, and an earnest effort to ascertain the owner and his whereabouts, and an honest attempt to give him actual notice and the statutory opportunity. Any effort to avoid it through fraud or collusion, or intentional omission to comply with the spirit of this statute, should not be permitted to be effective, if the

courts can legitimately avoid it." *Winters* v. *Cook,* 140 Mich. 483.

The validity of each of these tax titles held by the plaintiff is assailed on other grounds, but a review of the questions thus presented is unnecessary. The amount the defendants should pay to the plaintiff as a condition of redeeming the land has been fixed in the decree entered in the circuit and no complaint is made concerning the same.

The decree of the lower court is affirmed, with costs to the appellees.

FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

The late Chief Justice FLANNIGAN did not sit.

The late Justice BIRD took no part in this decision.