WALSH v. PORTER.

Taxation—Sufficiency of Description—Omitting Name of Subdivision.

Where for 60 years in assessing certain lots included in recorded plat they were described as being in certain subdivision, description in assessment which omitted name of said subdivision was insufficient, rendering void tax proceedings and sale for delinquent taxes (1 Comp. Laws 1929, § 3413).

Appeal from St. Clair; Robertson (William), J. Submitted October 21, 1931. (Docket No. 158, Calendar No. 35,848.) Decided December 8, 1931.

Bill by Joseph Walsh against G. M. Porter and Auditor General of the State of Michigan to set aside a tax deed for misdescription. Decree for plaintiff. Defendants appeal. Affirmed.

*Walsh, Walsh & O'Sullivan,* for plaintiff.

*Arthur W. Penny,* for defendant Porter.

*Paul W. Voorhies,* Attorney General, and *Hugh E. Wilson,* Assistant Attorney General, for defendant Auditor General.

Butzel, C. J. In 1849, Fortune C. White platted a large portion of what was then known as the village of Port Huron, St. Clair county, Michigan. Although the plat contains lines marking off what appear to be lots in block 100, they are neither identified by number or letters. In 1859, a map of the city of Port Huron was recorded. It shows block 100 containing seven lots consecutively numbered.

In 1863, W. H. B. Dowling recorded a plat of a subdivision that was captioned "map showing subdivision of that part of block 100 of White's plat of a part of the city of Port Huron, conveyed to William H. B. Dowling by L. M. Mason and wife, deed recorded June 24, A. D. 1851, in liber S of Deeds, page 566, in the recorder's office, St. Clair county, Michigan." Above the signature to the dedication on this map or plat, Dowling directs the register of deeds to record the map "as my said subdivision of said property, according to the laws of the State of Michigan." In this map, part of the seven lots formerly appearing without numbers or letters in the subdivision of block 100, and subsequently identified by lot numbers 1, 2, 7, and part of 6 in the plat of the city of Port Huron of 1859, are resubdivided into nine lots consecutively numbered. Lot 1 and parts of lots 2 and 8 of Dowling's subdivision are involved in the present case. From and after 1863, these lots were described in many instruments of conveyances, mortgages, and other public records showing change in title, as being in Dowling's subdivision. They were not described in any other manner. In the tax assessments continuously up to and including the year 1924, the lots were described as being in Dowling's subdivision. The lots became and were continuously known as being in Dowling's subdivision for a period of over 60 years. In December, 1929, Joseph Walsh, plaintiff herein, purchased from the executor of the estate of the former owner lot 1 and the east 39 feet of the north 120 feet of lot 2, and the north 20 feet of lot 8, in Dowling's subdivision of block 100, White's plat. In 1926, instead of the property being described as on the assessment rolls, as it continuously had been up to 1924, the description was changed to read: "lots 1, etc., subdivision of

part of block 100, White's plat." The taxes in 1926 were unpaid and the property was advertised and sold under the latter description, and the tax deed, dated July 30, 1930, was given by the auditor general of the State of Michigan, defendant, to G. M. Porter, trustee, codefendant in the instant case. Upon receiving notice to redeem from Porter, plaintiff filed his bill of complaint. He seeks to avoid the tax sale on account of misdescription of the property, and asks that the deed to Porter be decreed a cloud on the title, and set aside. A decree was entered in his favor.

The question presented on appeal is whether there was a fatal misdescription of the property. The property was known both by the owners and the tax authorities as being in Dowling's subdivision. In *Jackson* v. *Sloman,* 117 Mich. 126, the assessment was held to be erroneous because the word "Park" was omitted in the description of the "F. & P. M. Park" subdivision. It is contended that subdivision 6 of section 25, Act No. 206, Pub. Acts 1893 (1 Comp. Laws 1929, § 3413), referred to in *Jackson* v. *Sloman, supra,* has been repealed. The opinion, however, calls attention to subdivision 4 of section 25 of the act of 1893 (now 1 Comp. Laws 1929, § 3413), which provides that the description should refer to the plat and the number of lots and blocks thereof.

In the instant case, the description failed to refer to Dowling's subdivision, the known and recognized name of the plat. In the advertisement of sale, the lots were listed under the captions of the subdivision, and these were set forth in alphabetical order. One owning property in Dowling's subdivision, as the property was known and recognized, would have failed to find it set forth under the letters "D" or "W." The description did not conform with the

original White plat which contained no lot numbers nor to the plat of 1859. Lots 1 and 2 of block 100 in the latter plat differ from those in Dowling's subdivision. Lot 8 does not exist at all in the plat of 1859. Had the property always been assessed as it was after 1924 there would be much force in defendants' claim that the description was sufficiently correct, even though it did not conform with the wording of the Dowling plat. However, if after the name of "Dowling" as designated by him, and used by the owners, tax authorities, and all others interested in the property had been used as descriptive of the plat for a period of over 60 years, the description was to be changed, then the new one should have more fully conformed with the original wording of the. caption to the Dowling plat. A purchaser of property has the right to be properly informed of the nonpayment of taxes, and if there were no sales of delinquent taxes of the lots listed under the name of "Dowling's subdivision" one might easily be misled into believing that the taxes on the nine lots contained in this plat had been paid. In *Watters* v. *Kieruj*, 242 Mich. 537, we held that the description, though sufficiently accurate for a private conveyance, was insufficient to give notice to redeem from a tax sale unless it was correct in every detail. Under the peculiar circumstances of this case, we believe that there was a misdescription in the tax proceedings.

The decree of the lower court setting aside the sale is herewith affirmed.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.