DEDENBACH *v.* TALBOT.

1. ADVERSE POSSESSION—COLOR OF TITLE NOT NECESSARY.
  Color of title is not necessary in one asserting ownership under adverse possession held for 15 years.

2. SAME—TILLING AND CROPPING LAND SUFFICIENT NOTICE OF HOSTILE CLAIM.
  Tilling and cropping vacant lots for 10 years by one other than the holder of the record title openly evidenced acts of pos-

On necessity of hostility and unbroken continuity to found title by adverse possession, see annotation in 15 L. R. A. (N. S.) 1192, 1202.

session, indicating claim of ownership sufficient to warn the owners of hostile claim.

3. SAME—HARVESTING HAY INSUFFICIENT NOTICE OF HOSTILE CLAIM.
   Owners of vacant lots upon which hay grew, in common with adjoining premises, were not warned of any element of adverse possession by the mere fact of its being harvested by others; since they might treat it as an annual trespass of benefit to the lots.

4. SAME—ACTS OF TRESPASS MERELY FOR PART OF PERIOD INSUFFICIENT TO ESTABLISH ADVERSE POSSESSION.
   Where, during the last five years of the 15-year period necessary to establish title by adverse possession, the claimed possessory acts were of a character disclosing a mere trespass, not indicative of a claim of ownership, and, if noticed by the owners, could well have been looked upon with indifference, there was no such continuous, visible, hostile possession during said years as was necessary to establish title by adverse possession.

5. APPEAL AND ERROR—CHANCERY CASES—RIGHT TO BE HEARD WHERE NO PERSONAL SERVICE HAD—STATUTES.
   Where one against whom a bill in the circuit court was taken as confessed under jurisdiction obtained by publication of an order for her appearance later appeared and petitioned said court to be heard in accordance with 3 Comp. Laws 1915, §§ 12656, 12657, and, the case being in the Supreme Court on appeal by other defendants, moved said court to direct that the original record be returned to the circuit, which is done on filing of the opinion, the decree affirming the decree of the circuit court is without prejudice to the granting of relief to her in the circuit.

Appeal from Macomb; Reid (Neil E.), J. Submitted June 20, 1928. (Docket No. 107, Calendar No. 33,609.) Decided October 1, 1928.

Bill by John Dedenbach against Cash W. Talbot, Carrie A. Anderson, David B. Gowans, Edward Hellerich, Clare H. Scott, and others to quiet title to land. From a decree dismissing the bill, plaintiff appeals. Affirmed.

*Robert F. Eldredge,* for plaintiff.

*Lungerhausen, Weeks, Lungerhausen & Neale,* for defendant Talbot.

*Campbell, Bulkley & Ledyard* (*Selden S. Dickinson* and *Harold R. Smith,* of counsel,), for defendant Gowans.

*Louis Ott* and *Crocker & Miller,* for defendants Hellerich and Scott.

Wiest, J. The bill herein was filed to quiet title to certain land in the county of Macomb. The title asserted by plaintiff was based upon alleged adverse possession for 15 years immediately preceding commencement of suit. From an adverse decree plaintiff took an appeal.

A 10-acre parcel of land was subdivided and the plat thereof recorded. Several lots therein were sold to various persons and the record titles thereto are now in defendants. In 1907, the owner of the subdivision conveyed to plaintiff "all the unsold lots" therein. The subdivision was unimproved. Two deeds were given plaintiff; in the first deed lots, according to the plat, were described and none of the lots of defendants were included. In the second deed the premises were described as "all the unsold lots" and, therefore, did not in fact include any of the lots claimed by defendants. Plaintiff had no color of title to defendants' lots. Such, however, was not necessary if he claimed ownership and held by adverse possession for 15 years.

For several years following 1907, plaintiff rented the premises, inclusive of defendants' lots, to others for the raising of tillable crops. Then, about 1917,

the land was seeded, and for a period the hay raised thereon was sold by plaintiff and cut by others. Then the seeding ran out, weeds appeared and the premises were used for a ball ground. The tilling and cropping of the land from 1907 to about 1917 openly evidenced acts of possession, indicating claim of ownership sufficient to warn the owners of lots of hostile claim. The weakness of plaintiff's case is in the last few years of the period necessary to give him title. Owners of lots upon which hay grew, in common with adjoining premises, were not warned of any element of adverse possession by the mere fact of its harvesting by others. They might treat it as an .annual trespass of benefit to the lots. Some of the defendants kept an eye on their lots during and after the year 1919, and saw nothing indicating adverse assertion of ownership by any one.

Upon due consideration of the evidence, we are constrained to hold that plaintiff failed to establish continuous, visible, hostile acts constituting a disseizin of defendants during the last 5 years of the 15-year period. The claimed possessory acts, during such period, were at most of a character disclosing a mere trespass, not indicative of claim of ownership, and, if noticed by defendants, could well have been looked upon with indifference. The land owned by plaintiff and defendants was all an unfenced common, unimproved, and, for five years before suit, carried but the usual characteristics of uncultivated land awaiting market in an undeveloped subdivision.

In the circuit the bill was taken as confessed by the defendant Carrie A. Anderson under jurisdiction obtained by publication of an order for her appearance, and the decree deprived her of title to a lot.

After decree Carrie A. Anderson appeared and petitioned the circuit court to be heard in accordance with sections 12656, 12657, 3 Comp. Laws 1915. The case being here on appeal, Carrie A. Anderson moved this court to direct the original record to be returned to the circuit and set up the need thereof in considering her petition in the circuit. Upon filing this opinion the original record goes back to the circuit.

The decree in the circuit is affirmed, with costs against plaintiff, but without prejudice to the granting of relief to Carrie A. Anderson in the circuit.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.