DU MEZ *v.* DYKSTRA.

1. EASEMENTS—ADVERSE POSSESSION—PERMISSIVE USER.
    In suit to enjoin trespass, where defendant claimed right of way by prescription, finding of court below that defendant's use of road was by permission, *held,* justified on record.

2. ADVERSE POSSESSION—WILD LANDS.
    One may acquire right of way by prescription over wild and uninclosed lands.

3. SAME—NOTICE OF CLAIM NECESSARY—PRESUMPTIONS.
    No presumption of hostility in use of wild land is raised by use alone, but to obtain title by prescription, notice of claim must be brought home to owner.

Appeal from Allegan; Miles (Fred T.), J. Submitted January 7, 1932. (Docket No. 61, Calendar No. 36,189.) Decided March 2, 1932.

Bill by Gerrit Du Mez and others against Charles Dykstra to enjoin trespass on wild land. Decree for plaintiffs. Defendant appeals. Affirmed.

*Lokker & Den Herder (Stuart E. Knappen,* of counsel), for plaintiffs.

*Jarrett N. Clark,* for defendant.

FEAD, J. In 1901 the two owners in common of a government lot of 57 acres divided it. In 1907 plaintiffs purchased the north half. In 1913 defendant bought a small parcel in the south half and in 1914 erected a summer cottage and barn on it.

The north half of the lot is wild land, uninclosed, covered with second growth timber, and has old

logging roads on it, one of which, called the "hog-back" road, winds over both parts of the original lot. When defendant purchased, his grantor, although he had no interest in the north half, told him the "hog-back" road was the means of access to the premises. The road stopped at a hill on plaintiffs' land a short distance from defendant's lot. Prior to 1923, it was not suitable for automobile travel, but defendant had to make slight repairs from time to time to permit buggy travel. From 1923 to 1925 somewhat more extensive repairs were made, including grading of a hill, on initiative of defendant, and his grantor and plaintiffs contributed to the cost. In 1931, plaintiffs had a chance to sell their land, defendant made claim to right of way by prescription, and this action was brought to enjoin trespass. Plaintiffs had decree.

Plaintiffs knew for 15 years that defendant was using the road. No notice was given them, nor facts presented which would charge them with notice, that defendant's user was under claim of right except as such notice may be given by the fact of user itself. Defendant stated that he had never told plaintiffs nor anyone else that he claimed a right of way, although, relying on what his grantor told him, he thought he had a right to use the road. The joint repair of the road in 1923 was a neighborly agreement, as both plaintiffs and defendant had use for it, and it is not particularly indicative of anything upon adverse possession.

The court held that defendant used the road from 1923 with plaintiffs' express permission. This finding rested upon the credibility of plaintiff Du Mez and defendant with relation to the conversations regarding repair, and, as there are no circumstances

impeaching the finding, we think it should be adopted.

However, the decree is supported by another consideration. The case presents no evidence of hostile or adverse claim of defendant brought to the attention of plaintiffs except the fact of user. Did such fact charge them with notice of a claim of right?

One may acquire a right of way by prescription over wild and uninclosed lands. But, while use alone may give notice of adverse claim of inclosed premises, the weight of authority is that it raises no presumption of hostility in the use of wild lands. This distinction is in recognition of the general custom of owners of wild lands to permit the public to pass over them without hindrance. The custom had been particularly general as to logging roads over timber lands until the carelessness of hunters and campers produced such fire hazards that the protection of timber required the permission to be circumscribed. The tacit permission to use wild lands is a kindly act which the law does not penalize by permitting a beneficiary of the act to acquire a right in the other's land by way of legal presumption, but it requires that he bring home to the owner, by word or act, notice of a claim of right before he may obtain title by prescription. 19 C. J. p. 901; 9 R. C. L. p. 782.

Decree is affirmed, with costs.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.