BARLEY v. FISHER.

1. ADVERSE POSSESSION—CHARACTER OF PREMISES.
   Determination of what acts or uses are sufficient to constitute adverse possession depends upon facts in each case and to a large extent upon the character of the premises.

2. SAME—PROOF REQUIRED—PAYMENT OF TAXES—OCCASIONAL TRESPASSES.
   One claiming title by adverse possession may not make out a case by inferences but is required to have clear and cogent proof and to show positive and affirmative acts of ownership; payment of taxes and occasional trespasses being insufficient.

3. SAME—PASTURAGE OF WILD LANDS—ENCLOSURE FOR GARDEN—SITE OF BARN.
   Record *held*, insufficient to show title by adverse possession in one who used adjacent wild land as did others in the community for pasturage and made other occasional trespasses but made no attempt to keep others off the premises except as to portion enclosed for garden and site occupied by barn for prescriptive period.

Appeal from Leelanau; Gilbert (Parm C.), J. Submitted April 6, 1934. (Docket No. 63, Calendar No. 37,722.) Decided June 4, 1934.

Bill by Bessie Barley and others against Etta Fisher, Mary Westcott and others to quiet title to land. Cross-bill by defendant Westcott against plaintiffs to quiet title. Decree for plaintiffs. Defendant Westcott appeals. Modified and affirmed.

*Thos. D. Meggison,* for plaintiffs.

*Frank I. Blake* (*Benn M. Corwin* and *Gale Saunders,* of counsel), for defendant Westcott.

EDWARD M. SHARPE, J.   This is an action to quiet title.  In 1859, one Elizabeth McCarthy became the owner of the seven and three-quarter-acre tract of land involved.  She died in 1892 and her estate was never probated although in 1924 the probate court made an order determining her heirs.  Plaintiffs are her heirs.

Defendants are the heirs of the grantee of a tax deed to the land in question issued in 1908 for the taxes of 1903.  Title under the tax deed was never perfected, but defendant Mary Westcott claims title to the property by adverse possession and filed a cross-bill to that effect.  Mrs. Westcott relies upon the following facts to establish her claim.

In 1901 Mary Westcott became the owner of a quarter-acre lot on the east side and adjoining the disputed property.  The disputed tract is bounded on the south side by State highway M–22 and on the west side by a street of the village of Glen Arbor. The property has never been cleared or cultivated. It is heavily wooded with scrub oak and pine, but the timber has little, if any, commercial value.   The chief value of the land is for resort purposes, since it is near Lake Michigan and Glen Lake.

When Mary Westcott moved on her quarter acre, there was an old barn over the west line of her property and located on the disputed tract.  Mrs. Westcott used this barn, repaired it and built an addition to it.  She also fenced in a tract of land between the barn and her lot, about 12 square rods, which was used as a garden.   At times she picked up dead limbs and cut some brush for firewood.   Once she sold some dead timber for saw logs.  She paid the taxes on the land from 1908 to 1924 when the plaintiffs, learning of their rights as heirs of Elizabeth McCarthy, began to pay taxes.  The land was never fenced and cattle ran at large thereon.  The public

used this property and several well-defined trails were made across the tract.

The lower court held that the cross-plaintiff had failed to establish her claim to the land and she now appeals.

The determination of what acts or uses are sufficient to constitute adverse possession depends upon the facts in each case, yet it was said in *Yelverton* v. *Steele,* 40 Mich. 538, 541:

"The doctrine which sanctions the divestiture of the true owner by hostile occupancy is to be taken strictly, and the case is not to be made out by inference but by clear and cogent proof."

The extent and kind of possession necessary was defined in *Paldi* v. *Paldi,* 95 Mich. 410, 412, where the court said:

"Adverse possession, to give title, must be actual, continued, visible, notorious, distinct and hostile possession, and a finding of adverse possession must set forth in explicit terms a state of facts that will satisfy the legal definition."

Defendant relies upon the payment of taxes as an element of her claim of adverse possession. This court has said in *Whitaker* v. *Erie Shooting Club,* 102 Mich 454, 460:

"It may well be conceded that paying taxes, or asserting title, or the common understanding in the neighborhood, or making surveys, or an occasional renting for trapping and shooting, is not sufficient to establish title by adverse possession."

See, also, *Judson* v. *Duffy,* 96 Mich. 255; *John Widdicomb Co.* v. *Card,* 218 Mich. 72 (22 A. L. R. 545); *McVannel* v. *Pure Oil Co.,* 262 Mich. 518.

The nature of the acts necessary to constitute adverse possession depends to large extent upon the character of the premises. *Ewing's Lessees* v. *Burnet,* 11 Pet. (36 U. S.) 41; *Judson* v. *Duffy,*

*supra; Whitaker* v. *Erie Shooting Club, supra; Murray* v. *Hudson,* 65 Mich. 670; *Kingston* v. *Guck,* 155 Mich. 264. In the instant case the land was wild and not suitable for cultivation or timber cutting. It was useful chiefly as a site for a residence or as a park or grove adjacent to a residence. The owner of the record title need not, of course, take any affirmative possession of his property but may simply hold it for future use or sale. However, one claiming title by adverse possession must show positive and affirmative acts of ownership. Mere occasional trespasses are not sufficient. *Dedenbach* v. *Talbot,* 244 Mich. 140; *Doctor* v. *Turner,* 251 Mich. 175; *Duck* v. *McQueen,* 263 Mich. 325.

The record does not show sufficient acts of possession on the part of the cross-plaintiff. Mary Westcott did little more on this land than was done by the public in general. She pastured cattle thereon at one time, but so did many others. She gathered up dead brush for use as firewood but this amounted to no more than an occasional trespass, and no particular effort was made to beautify the grove. She made no attempt to keep other persons off the premises or to prevent the acquisition of prescriptive rights of way by adjoining landowners.

However, an examination of the record discloses that the defendant Mary Westcott has had actual, hostile and distinct possession to the small part of the land enclosed as a garden and the site occupied by the old barn. Title to this part should be awarded her. The cause is remanded to the lower court for an order in accordance herewith. If necessary, further testimony may be taken to ascertain the exact description of the portion of the tract awarded to defendant. Costs to plaintiff.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.