GREAT LAKES GAS TRANSMISSION COMPANY v MacDONALD

Docket No. 133113. Submitted March 10, 1992, at Grand Rapids.
Decided April 7, 1992, at 9:10 A.M.

Great Lakes Gas Transmission Company brought an action in the
Emmet Circuit Court against John and Virginia MacDonald,
Michael A. MacDonald, and others, seeking a declaration that
the terms of a 1967 easement and right of way agreement
between the plaintiff and the defendants' predecessors in title
were valid and binding on the defendants for purposes of
installing a second pipe line within the easement. The court,
Richard M. Pajtas, J., granted summary disposition for the
plaintiff. The defendants appealed.

The Court of Appeals *held:*

1. The agreement unambiguously allows the plaintiff to in-
stall a second pipe line across the defendants' land. The agree-
ment is not ambiguous and does not require judicial construc-
tion. The agreement provides for the easement and right of way
to continue in force as long as any facility installed in accor-
dance with the agreement is used or remains on the land.
There is no dispute that the first pipe line installed on the land
by the plaintiff pursuant to the agreement remains in place.
None of the conditions specified in the agreement under which
the easement might expire have been shown to exist.

2. The plaintiff's affidavit that was filed with its motion for
summary disposition and supported the necessity of laying the
second pipe line at its proposed location was uncontroverted
and unquestioned by the defendants.

3. The defendants' arguments regarding certain alleged affir-
mative defenses were not raised properly in the circuit court
and are not sufficient to disturb the circuit court's ruling that
summary disposition was proper.

4. The terms of the agreement were not so grossly unfair at
the time they were made as to require that the agreement be
declared void.

5. The defendants' argument that the construction of another

REFERENCES

Am Jur 2d, Equity §§ 152 *et seq.*; Pollution Control §§ 46 *et seq.*
See the Index to Annotations under Conservation; Equity; Pollu-
tion.

pipe line may pose a threat to the environment does not furnish a basis for depriving the plaintiff of its rights under the agreement. The plaintiff has expressed its intention to obey statutory permit requirements, and statutory enforcement mechanisms are in place to ensure compliance.

6. The equitable defense of laches is not available to the defendants. Neither a culpable delay by the plaintiff nor prejudice to the defendants has been shown.

Affirmed.

1. ENVIRONMENT — ENVIRONMENTAL PROTECTION — PROPERTY RIGHTS.

The courts may not augment the statutory scheme addressed by the Legislature in enacting the environmental protection statutes by striking down property rights in individual cases on the basis of a fear that the exercise of such rights might pose a threat to the environment where noncompliance with the environmental protection laws is not at issue.

2. EQUITY — LACHES.

Laches is an equitable defense to a claim that may be invoked when the delay in bringing the claim prejudices the other party; it is the effect, rather than the fact, of the passage of time that may trigger the defense of laches.

*Mika, Meyers, Beckett & Jones* (by *Steven L. Dykema* and *William A. Horn*), for the plaintiff.

*Michael A. MacDonald,* for the defendants.

Before: FITZGERALD, P.J., and HOOD and CAVANAGH, JJ.

PER CURIAM. In 1967, plaintiff and defendants' predecessors in title entered into and recorded an agreement giving plaintiff an easement and right of way over defendants' property. Under the terms of the agreement, plaintiff would be given the right to construct and maintain a gas pipe line or pipe lines in return for its promises to pay $159 for each pipe line and to undertake various measures to minimize the inconvenience and cover the damages caused by its operations. In 1990, plaintiff

decided to lay a second pipe line across defendants' property and tendered more than double the amount owed under the agreement to defendants. After defendants declined this offer, plaintiff filed suit in circuit court to quiet title, seeking a judicial declaration that the easement remained in force and that plaintiff had the right to construct a second pipe line. Plaintiff filed a motion for summary disposition under MCR 2.116(C)(9) and (10), attaching an affidavit explaining the proposed construction in detail. The court granted plaintiff's motion.

Defendants appeal as of right, raising several issues. We agree with plaintiff that the agreement unambiguously allows plaintiff to install a second pipe line across defendants' land (subject to applicable laws and regulations) and affirm the judgment of the circuit court.

I

The agreement provides in pertinent part:

For and in consideration of the sum of [$159.00] in hand paid, receipt of which is hereby acknowledged, [defendants' predecessors] . . . hereby bargain, grant, convey, and warrant unto [plaintiff], its successors and assigns, . . . an easement and right-of-way to survey, clear and excavate for, *lay, construct, operate, inspect, maintain, protect, repair, replace, alter, change the size of, or remove a pipeline or pipelines* and appurtenances for the transportation of gas and other substances which can be transported through a pipeline, *along a route to be selected by Grantee* [plaintiff], over and through [defendants' property] with the right of ingress and egress to and from said right-of-way, . . . to have and to hold said right-of-way unto Grantee, its successors and assigns, *until said easement is exercised and so long thereafter as any*

> *facility installed hereunder is used or remains on said land. Should more than one pipeline be installed under this agreement* Grantee shall pay the same consideration as above expressed for each such additional pipeline and appurtenances. Such additional pipelines shall be laid as nearly parallel and as close as practicable to the first pipeline installed hereunder.
>
> *       *       *
>
> The rights herein granted may be assigned in whole or in part. *All rights, privileges, and obligations created by this instrument shall inure to the benefit of, and be binding upon, the heirs, devisees, administrators, executors, successors, and assigns of the parties hereto.* [Emphasis added.]

Plaintiff also agreed to minimize the interference with the landowners' use of the property by providing gates and paths across any trenches and to make the landowners whole for damages to crops, timber, improvements, and so forth.

II

Courts are liberal in finding a genuine issue of material fact. *St Paul Fire & Marine Ins Co v Quintana,* 165 Mich App 719, 722; 419 NW2d 60 (1988). The reviewing court must be satisfied that a claim or defense cannot be supported at trial because of some deficiency that cannot be overcome. *Metropolitan Life Ins Co v Reist,* 167 Mich App 112, 118; 421 NW2d 592 (1988).

With regard to discovery, summary disposition is generally premature if granted before discovery on a disputed issue is complete. *Dep't of Social Services v Aetna Casualty & Surety Co,* 177 Mich App 440, 446; 443 NW2d 420 (1989). Summary disposition may nevertheless be appropriate if further discovery does not stand a fair chance of uncover-

ing factual support for the opposing party's position. *Neumann v State Farm Mutual Automobile Ins Co,* 180 Mich App 479, 485; 447 NW2d 786 (1989).

III

Defendants first contend that the agreement did not give plaintiff a continuing, vested right to install a second pipe line, but merely created an option exercisable only within a reasonable time and only against the signatories of the agreement (defendants' predecessors in title). Therefore, defendants argue, plaintiff's option cannot be exercised against the current owners.

The agreement very clearly gives plaintiff the right to construct more than one pipe line and provides for the agreement to remain binding on the heirs of both parties. The rights of an easement holder are defined by the easement agreement. *Thies v Howland,* 424 Mich 282, 297; 380 NW2d 463 (1985). Although a conveyance provision that does not clearly create a personal or descendible right may be construed strictly against the drafter of the instrument, see *Old Mission Peninsula School Dist v French,* 362 Mich 546, 549; 107 NW2d 758 (1961), the agreement in this case is not ambiguous and does not require construction. Moreover, the terms of the agreement specify the conditions under which the easement might expire, and these conditions do not involve the death of the signatories or a delay by the easement holder in exercising any of the rights granted. Instead, the agreement provides for the easement and right of way to continue in force as long as any facility installed in accordance with the agreement "is used or remains on said land." There is no dispute that the first pipe line remains

in place. Finally, *Rex Oil & Gas Co v Busk,* 335 Mich 368; 56 NW2d 221 (1953), relied on by defendants, is distinguishable because in that case an option rather than a vested interest arose by the express language of the instrument.

Defendants next claim that a triable issue of fact existed regarding the scope of the easement created by the agreement. Defendants have not preserved the issue whether the proposed construction will comply with the requirement that subsequent pipe lines be installed "as close as practicable to the first pipeline." Defendants did not raise this issue in the trial court and, on appeal, appear to question the reasonableness of the installation only with regard to the amount of compensation set by the agreement. In short, the affidavit support for the necessity of laying the second pipe line at its proposed location remains uncontroverted and unquestioned.

Finally, defendants believe that the trial court erred in granting summary disposition before defendants were able to conduct discovery in relation to certain affirmative defenses. Procedurally, defendants did not properly raise their affirmative defenses because their answer to plaintiff's complaint failed to state facts constituting such defenses, MCR 2.111(F)(3). On the merits, defendants' arguments are not sufficient to disturb the circuit court's ruling.

The defenses of unclean hands and failure of consideration both challenge the fairness of the terms of the original agreement. There is no indication that the terms of the agreement were so grossly unfair at the time as to require that the agreement be declared void. Plaintiff agreed to pay $159 for the installation of each pipe line, to assume the obligation of compensating defendants for property damage caused during construction,

and to undertake measures to minimize interference with the use and enjoyment of the land.

Defendants' public-policy argument is premised on the threat construction may pose to the environment. The trial court correctly concluded that the environmental protection statutes upon which defendants rely do not furnish a basis for depriving plaintiff of its rights under the agreement. Plaintiff has expressed its intention to obey statutory permit requirements, and enforcement mechanisms are in place to ensure compliance. The public purpose defendants seek to vindicate having been addressed by the Legislature, the courts may not augment the statutory scheme by striking down property rights in individual cases where noncompliance with such laws is not at issue.

Laches is an equitable defense to a claim that may be invoked when the delay in bringing a claim prejudices the other party. *Lothian v Detroit,* 414 Mich 160, 168; 324 NW2d 9 (1982). It is not applicable under these circumstances. First, the fact that plaintiff did not exercise its rights to install an additional pipe line between 1968 and 1990 cannot properly be called a delay. According to the agreement, plaintiff has continued to enjoy the right to build additional pipe lines without regard to the passage of time, because the first pipe line remains on defendants' property. The fact that plaintiff did not bring a suit to quiet title until 1990 does not reflect a culpable delay on plaintiff's part. Rather, plaintiff was forced to file suit to protect its existing rights under the agreement because of defendants' resistance. While it is true that an easement holder may not materially increase the burden on the servient estate beyond what was originally contemplated, *Thies, supra,* p 297, this rule does not come into play where the proposed activity was expressly agreed to in the

instrument creating the easement. Second, defendants have not identified any prejudice above and beyond the exercise of plaintiff's rights under the agreement. It is the effect, rather than the fact, of the passage of time that may trigger the defense of laches. *Lothian, supra,* p 168. If anything, defendants may have benefited from the increased level of environmental regulation that has developed since the easement agreement was recorded in 1967.

For the reasons set forth above, we conclude that the trial court did not err in granting plaintiff's motion for summary disposition.

Affirmed.