# STATE OF MICHIGAN

# COURT OF APPEALS

GARY MORRIS,

　　　　Plaintiff-Appellant,

v

ESTATE OF RUBY MORRIS, THEODORE C.
LATHROP, DONNA E. LATHROP, ANITA J.
MCNAMARA, HOWARD L. LAUGHLIN, and
Randy L. Higgins,

　　　　Defendants,

and

CAROL LAUGHLIN,

　　　　Defendant-Appellee.

UNPUBLISHED
October 21, 2014

No. 315892
Oakland Circuit Court
LC No. 2011-119442-CH

Before: HOEKSTRA, P.J., AND WILDER AND FORT HOOD, JJ.

PER CURIAM.

Plaintiff, Gary Morris, appeals as of right a judgment rejecting his claim to quiet title of the property at 4336 Cogshall, in Holly, Michigan. We affirm.

I

Plaintiff and his mother, Ruby Morris,[1] purchased the challenged property by land contract on October 28, 1982. The State of Michigan obtained title to the property for non-payment of the 1992 property taxes and a State Treasurer's Deed was recorded on October 28, 1993. Plaintiff redeemed the 1992 delinquent taxes on November 16, 1993. But on November 19, 1993, the state transferred the property to defendant Howard Laughlin and his wife, defendant Carol Laughlin.

---

[1] Ruby is now deceased.

Plaintiff testified that he lived at the property from 1984 to 1994, but had been incarcerated since 1995. Plaintiff further testified that his daughter lived at the property for 10 years, his granddaughter lived there "for a while," and his grandson lived there in "late 2008." Plaintiff testified that he paid taxes on the property from the time he took possession in 1982 until the time of trial. The parties stipulated that, if defendant Carol Laughlin were to testify, she would state that she tried to pay the taxes "on occasion."

On July 1, 2011, plaintiff filed a complaint against defendants, which he captioned "complaint to quiet title."[2] In Count I, labeled "Count I – Adverse Possession," plaintiff alleged adverse possession of the property by himself and his predecessors-in-title for more than 15 years, and requested in his prayer for relief that the trial court quiet title to the property in his name as the adverse possessor.

In Count II, labeled "Count II – Unjust Enrichment," plaintiff alleged that the Laughlins' purchase of the property was "erroneous since the delinquent taxes had been redeemed three (3) days prior," and contended that his title to the property should be revived. Plaintiff further alleged that, if the Laughlins actually owned the property, plaintiff's payment of the property taxes since November 1993 unjustly enriched the Laughlins. In the prayer for relief in Count II, plaintiff again requested quiet title and any relief deemed just by the trial court.

Plaintiff moved for summary disposition pursuant to MCR 2.116(C)(10). Plaintiff argued that the November 16, 1993 tax redemption of the property made the conveyance by the state to the Laughlins erroneous under MCL 211.74, which was in effect at that time.[3] Plaintiff maintained he, not defendants, had the superior ownership interest in the property. Defendant Carol Laughlin filed an answer to plaintiff's motion for summary disposition. She argued that the relief being requested by plaintiff should be declined because it was based on the tax redemption, a claim which plaintiff had not pleaded in his complaint, and in any event, was barred by the statute of limitations. She urged the trial court to dismiss the complaint pursuant to MCR 2.116(I)(2). The trial court denied plaintiff's motion for summary disposition on the basis that his arguments did not address the only claims (adverse possession and unjust enrichment) actually pleaded in the complaint.

Following a bench trial, the trial court rejected plaintiff's adverse possession claim. While plaintiff testified that during his incarceration his family lived at the property, the trial court found that the evidence showed that while plaintiff was incarcerated, he had no knowledge who was occupying the land or whether its use was uninterrupted for the statutory period. The

_____

[2] Only defendant Carol Laughlin answered the complaint. Defendant Howard Laughlin is deceased. Plaintiff requested the clerk enter default against neighbor, defendant Randy L. Higgins for failing to respond to the action and, at the same time, plaintiff agreed to the dismissal of defendant Anita McNamara. There is no explanation in the record regarding the involvement of the other named defendants.

[3] MCL 211.74 was repealed by 2005 PA 183.

trial court expressly found that plaintiff's testimony that his family lived at the property was not sufficient evidence of his family's occupation and uninterrupted use.

Regarding plaintiff's unjust enrichment claim, the trial court found that while defendant had benefited from plaintiff's payment of the taxes since 1993, under the statute of limitations, plaintiff was only entitled to repayment for the last six years of property taxes. The trial court judgment awarded plaintiff $4,194.14 as a reimbursement for taxes paid, and $756.52 in interest to plaintiff.

II

On appeal, plaintiff first argues that the trial court erred when it failed to either grant summary disposition to plaintiff or enter a judgment for plaintiff on the basis of his tax redemption. We disagree.

A party must file a complaint to initiate a lawsuit. MCR 2.101(B). The complaint must include a "demand for judgment for the relief that the pleader seeks." MCR 2.111(B)(2). The complaint must contain "specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend," MCR 2.111(B)(1), and each allegation must be "clear, concise and direct." MCR 2.111(A)(1). MCR 2.113(E)(3) provides, "Each statement of a claim for relief founded on a single transaction or occurrence or on separate transactions or occurrences, and each defense other than a denial, must be stated in a separately numbered count or defense."

Plaintiff clearly, concisely, and directly identified two separate causes of action—quiet title by virtue of adverse possession and unjust enrichment—in his seven-page complaint. Although plaintiff claims that a quiet title action based on his tax redemption was embedded in the complaint, consideration of that action would have violated MCR 2.113(E)(3) because it was not stated in a separately numbered count and it did not adequately inform defendants of the nature of the claims they were called to defend under MCR 2.111(B)(1). As presented in plaintiff's complaint, plaintiff's inclusion of facts regarding his failure to pay taxes on the property, the state's decision to take title, plaintiff's payment of the redemption amount, and the Laughlins' purchase of the property, served only as background for his adverse possession and unjust enrichment claims. The trial court therefore did not err in failing to grant summary disposition for plaintiff on a quiet title action that plaintiff did not properly plead. After the trial court concluded that summary disposition was improper, plaintiff did not move to amend his complaint to void the Laughlins' tax deed on the basis of the redemption. Therefore, the trial court's failure to consider that basis at trial, particularly where defendant objected to the admission of evidence and arguments regarding redemption, was not erroneous. In addition, even if plaintiff had properly pleaded a request to quiet title based on his tax redemption, it would not have survived summary disposition, MCR 2.116(C)(7), because the period of limitations had expired, MCL 600.5801.

III

Next, plaintiff argues that the trial court erred when it concluded that plaintiff had not adversely possessed the property for the statutory period. We disagree.

-3-

"A claim for adverse possession is equitable in nature. And decisions regarding equitable claims, defenses, doctrines, and issues are reviewed de novo." *Beach v Lima Twp*, 283 Mich App 504, 508; 770 NW2d 386 (2009). Factual findings, however, are reviewed for clear error. *Sackett v Atyeo*, 217 Mich App 676, 680; 552 NW2d 536 (1996).

"An owner of real property may lose title to some or all of the property to an adverse possessor either 'through visible, open, notorious, hostile, and continuous possession of the premises for the statutory period' or through an assertion of ownership 'under color of deed.' " *Jonkers v Summit Twp*, 278 Mich App 263, 271; 747 NW2d 901 (2008), quoting *Adams v Adams* (*On Reconsideration*), 276 Mich App 704, 719-720; 742 NW2d 399 (2007). "In the adverse-possession context, 'hostility' refers to use of property without permission and in a manner that is inconsistent with the rights of the true owner." *Id.* at 273. The statutory period for adverse possession is 15 years. MCL 500.5801(4). "[W]hat acts or uses are sufficient to constitute adverse possession depends upon the facts in each case and to a large extent upon the character of the premises." *Waisanen v Twp of Superior*, ___ Mich App ___; ___ NW2d ___ (2014), quoting *Burns v Foster*, 348 Mich 8, 14; 81 NW2d 386 (1957).

The parties did not dispute at trial that plaintiff was a lawful occupant of the land from October 1982, when he and his mother purchased the property on land contract, to May 4, 1993, when the State of Michigan took title of the property for nonpayment of back taxes. Under the General Property Tax Act, plaintiff also had a right to possession of the property during the redemption period, which lasted until the first Tuesday in May 1994 following the sale to the Laughlins. See former MCL 211.74; MCL 211.142, repealed 2005 PA 183; see *Holmes v Soule*, 180 Mich 526, 532; 147 NW 621 (1914). Therefore, plaintiff's occupation of the property during that period of time was not hostile and cannot be considered when calculating the statutory period of adverse possession. *Jonkers*, 278 Mich App at 273.

After the sale to the Laughlins and the end of the redemption period in May 1994, plaintiff believed he had redeemed the property and, according to his testimony, he continued to live at the property until sometime in 1995, when he was incarcerated. Plaintiff's occupation of the property for between one and two years during this time was inconsistent with the Laughlins' use and was therefore hostile for purposes of adverse possession. *Id.* at 271. Plaintiff's payment of taxes since 1982, and his receipts for the payment of utilities and repairs, also demonstrated plaintiff's attempt to claim the property.

But, as the trial court correctly concluded, plaintiff could not establish adverse possession for the statutory period. Tax payments are not conclusive evidence of adverse possession, *Barley v Fisher*, 267 Mich 450, 452; 255 NW 223 (1934); *Gardner v Gardner*, 257 Mich 172, 176; 241 NW2d 179 (1932). The trial court properly recognized that plaintiff's testimony that his daughter lived at the property for ten years did not establish that her 10-year occupation continuously followed his occupation. Moreover, even a continuous 10-year occupation, alone or added to plaintiff's one to two-year occupation, would not satisfy the 15-year statutory period. Plaintiff further testified that his "grandson lived in it . . . in late 2008," and his "granddaughter, she lived in it for a while," but again, this evidence was not specific enough to demonstrate continuous and uninterrupted possession of the property collectively by plaintiff's family for 15 years. The trial court questioned the credibility of plaintiff's testimony about his family members' possession of the land because plaintiff lacked personal knowledge of possession

while he was incarcerated, but regardless whether the testimony was credible, plaintiff did not introduce evidence that established continuous possession for the statutory period.

Affirmed. Defendant Carol Laughlin, as the prevailing party on appeal, may tax costs under MCR 7.219.


/s/ Joel P. Hoekstra
/s/ Kurtis T. Wilder
/s/ Karen M. Fort Hood