# STATE OF MICHIGAN

# COURT OF APPEALS

BERNARD C. SWARTZ DECLARATION OF
TRUST DATED FEBRUARY 25, 2009,

UNPUBLISHED
February 20, 2018

Plaintiff-Appellant,

v

No. 335470
Otsego Circuit Court

KATHLEEN L. MORRISON TRUST,

LC No. 14-015457-CH

Defendant-Appellee.

Before: MURPHY, P.J., and O'CONNELL and K. F. KELLY, JJ.

PER CURIAM.

Plaintiff, Bernard C. Swartz Declaration of Trust Dated February 25, 2009, owns land occupied by Bernard Swartz. Defendant, Kathleen L. Morrison Trust, owns land occupied by Kathleen Fremling (formerly Morrison). Swartz alleged that he had an easement over Fremling's land. The trial court rejected Swartz's allegation. Swartz now appeals as of right. We affirm.

## I. BACKGROUND

This property dispute arises out of the contested use of a trail, called Valley Trail, in the Tyrolean Hills development. Tyrolean Hills includes Elmac Hills, which consists of small, platted lots, and the Pinnacles, which consists of unplatted ten-acre parcels behind Elmac Hills. Pertinent to this appeal, Swartz owns two perpendicular unplatted parcels in the Pinnacles, parcels 25 and 32. Fremling owns two adjacent platted lots in Elmac Hills, lots 25 and 26. Valley Trail is a two-track dirt trail that passes through Fremling's land and leads directly to Swartz's parcel 32. When a neighbor, Angelo Genovesi, began using Valley Trail regularly, Fremling and her husband, Paul Fremling, asked him to stop. Genovesi became angry and continued using the trail, so the Fremlings erected locked gates on the trail on their lots after obtaining the requisite permits. Genovesi later revoked an offer to purchase parcel 32 from Swartz, maintaining that it was landlocked and the main mode of access was blocked. Swartz then sought a court order to establish an easement over Fremling's property and to recover money damages from the lost sale. The trial court ruled that Swartz did not establish an express easement, an easement by necessity, or an easement by prescription over Fremling's land.

## II. STANDARD OF REVIEW

-1-

Following a bench trial, this Court reviews the trial court's legal conclusions de novo and its fact findings for clear error. *Mettler Walloon, LLC v Melrose Twp*, 281 Mich App 184, 195; 761 NW2d 293 (2008). "The extent of a party's rights under an easement is a question of fact," which we review for clear error. *Blackhawk Dev Corp v Village of Dexter*, 473 Mich 33, 40; 700 NW2d 364 (2005). A trial court's fact findings are clearly erroneous if this Court is "left with the definite and firm conclusion that a mistake has been made." *Schumacher v Dep't of Natural Resources*, 275 Mich App 121, 130; 737 NW2d 782 (2007). The existence of a prescriptive easement is a matter of equity, which we review de novo. *Mulcahy v Verhines*, 276 Mich App 693, 698; 742 NW2d 393 (2007).

## III. DISCUSSION

## A. PRESCRIPTIVE EASEMENT

Swartz first argues for a prescriptive easement. An easement is the right to use land owned by another person for a specific purpose. *Heydon v MediaOne of Southeast Mich, Inc*, 275 Mich App 267, 270; 739 NW2d 373 (2007). A prescriptive easement arises from open, notorious, adverse, and continuous use of the land for a period of 15 years. *Plymouth Canton Community Crier, Inc v Prose*, 242 Mich App 676, 679; 619 NW2d 725 (2000). A prescriptive easement does not arise, however, if the property owner permits the use. *West Mich Dock & Market Corp v Lakeland Investments*, 210 Mich App 505, 511; 534 NW2d 212 (1995).

The plaintiff bears the burden of establishing "entitlement to a prescriptive easement by clear and cogent evidence." *Matthews v Dep't of Natural Resources*, 288 Mich App 23, 37; 792 NW2d 40 (2010). When the plaintiff's use exceeds the 15-year period by many years, the burden shifts to the defendant to show that the use was permissive. *Reed v Soltys*, 106 Mich App 341, 346; 308 NW2d 201 (1981). However, when the property in question is wild and unenclosed, use of the land alone is not hostile. *Du Mez v Dysktra*, 257 Mich 449, 451; 241 NW 182 (1932). A party asserting an easement over wild and unenclosed land must show that he put the owner on notice, "by word or act," of his claim to use the land. *Id*. This higher burden reflects "the general custom of owners of wild lands to permit the public to pass over them without hindrance." *Id*.

Swartz contends that the trial court erred by characterizing the land as wild and unenclosed because Fremling lived in a house on her land for decades. Swartz cites no authority for the proposition that the construction of a house on a lot precludes a finding that the land is wild and unenclosed. On the contrary, in *Barley v Fisher*, 267 Mich 450, 453; 255 NW 223 (1934), the Supreme Court concluded that the defendant's use of a barn and an enclosed garden did not give the defendant title to the remainder of the land, which was wild and suitable only for a residence. The Supreme Court explained that the defendant's mere use of the rest of the land by clearing brush and pasturing cattle, which other members of the public also did, were not sufficiently "affirmative acts of ownership" to support the defendant's claim for adverse possession over the entire tract of land. *Id*. Instead, the defendant gained title over only that part of the land with the barn and the garden. *Id*. Similarly, in a recent, unpublished decision, a panel of this Court applied the higher burden of proof for wild and unenclosed land to conclude that the plaintiff did not establish a prescriptive easement permitting use of a two-track dirt road that

crossed the defendant's 40-acre parcel of land. *Smith v Ciaramitaro*, unpublished per curiam opinion of the Court of Appeals, issued September 2, 2010 (Docket No. 291538), pp 1-2.[1]

In this case, all the parties agreed that the land was generally heavily wooded. Fremling testified that her family cleared only enough woodland to construct a house. Valley Trail is a two-track, unpaved, dirt road. Fremling testified that people historically used the trail for snowmobiling and that she had no objection to the neighbors' occasional use of the trail for recreation, which is consistent with the recognition that owners of wild lands permit others to use the land "without hindrance," *Du Mez*, 257 Mich at 451. Accordingly, the trial court did not err by concluding that the land was wild and unenclosed and by imposing a higher burden of proof on Swartz to show that his use of the land was sufficiently notorious.

Furthermore, the trial court did not err by determining that Swartz's use of the land was not sufficiently notorious to put Fremling on notice of Swartz's claim to the land. Swartz occasionally used the trail for mushroom hunting and for riding snowmobiles, motorcycles, and ATVs. These occasional trespasses were not affirmative acts of ownership, particularly because Fremling testified that she had no objection to this type of occasional, recreational use by the neighbors. Because the land was wild and unenclosed, Swartz's use of Valley Trail was insufficient to assert an ownership right to the trail. Therefore, the trial court did not err by concluding that Swartz did not establish a prescriptive easement.

## B. EXPRESS EASEMENT

Swartz next argues for an express easement. "The rights of an easement holder are defined by the easement agreement." *Great Lakes Gas Transmission Co v MacDonald*, 193 Mich App 571, 575; 485 NW2d 129 (1992). When the agreement is unambiguous, we apply it as written. See *id.* at 575-576.

Swartz relies on the dedication of the plat of the Elmac Hills subdivision and the 1972 warranty deed. Swartz maintains that the plat granted an easement over all existing trails and that the 1972 warranty deed shows that Elmac Hills Resort granted easements to run with every parcel of land conveyed across all existing trails and roads. The plat dedication limits the dedicated roadways to "the roads, drives and trails" depicted on the plat. Valley Trail does not appear on the plat dedication. Likewise, the 1972 deed does not mention Valley Trail, despite referring to Deer Trail and Lake Drive. Moreover, Elmac Hills Resort first conveyed lots 25 and 26, the two lots that are now defendant's property, in 1968 and 1969, three and four years before the 1972 warranty deed. A property owner "cannot convey greater title than he possesses." *Pellerito v Weber*, 22 Mich App 242, 245; 177 NW2d 236 (1970). In 1972, Elmac Hills Resort no longer owned lots 25 and 26 and could not have burdened them. The 1972 warranty deed reflects this limitation by warning that the grantor, Elmac Hills Resort, conveyed the described easements without warranty of title. Accordingly, the trial court did not err by ruling that the plat dedication and the 1972 warranty deed did not grant an express easement.

---

[1] Unpublished opinions are not binding, MCR 7.215(C)(1), but may be instructive, *People v Daniels*, 311 Mich App 257, 268 n 4; 874 NW2d 732 (2015).

Swartz argues in the alternative that a prescriptive easement arose from his use of Valley Trail on the erroneous assumption that an express easement permitted him to use the trail. This case is distinguishable from *Plymouth Canton Community Crier*, 242 Mich App at 678 n 1, 686-687, in which the plaintiffs showed that a prescriptive easement arose from the drafters' mutual misunderstanding about the scope of the written easement and the plaintiffs' permissible use of the easement area. In this case, however, Swartz did not show that the parties who drafted and agreed to the documents meant, but failed, to include Valley Trail in the written easement. Therefore, the trial court did not err by concluding that Swartz did not establish a prescriptive easement arising from a misunderstanding about an express easement.

## C. EASEMENT BY NECESSITY

Finally, Swartz argues for an easement by necessity because his land, parcel 32, is landlocked and has no access to a public road. An easement by necessity is implied when a landowner splits property, and one of the resulting parcels becomes landlocked and accessible only through another parcel. *Charles A Murray Trust v Futrell*, 303 Mich App 28, 41; 840 NW2d 775 (2013). The right of way "ceases to exist when the necessity for its continuance ceases." *Id*. at 42 (quotation marks and citation omitted).

Swartz argues that parcel 32 did not become landlocked following a property split because Elmac Hills Resort once owned the entire area now called Tyrolean Hills when Valley Trail first came into existence. Accordingly, Swartz asserts, an implied easement has remained in effect since the division of the area into lots and parcels. Swartz's argument overlooks an intervening transfer of the property to the Millards in 1972. The Millards originally held parcel 32 and an adjacent parcel, 12A. In 1977, they conveyed parcel 32 to Swartz and parcel 12A to another owner. This split landlocked parcel 32, so Swartz is incorrect that the original ownership of the entire area by the same owner preserved easements existing on the area as a whole. In addition, Swartz admitted that he could access parcel 32 through parcel 25, showing that Valley Trail was not Swartz's only means of access to parcel 32. Therefore, the trial court correctly determined that Swartz did not establish an easement by necessity over Fremling's land.

We affirm.

/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly