YANKEE SPRINGS TOWNSHIP v FOX

Docket No. 249045. Submitted July 8, 2004, at Grand Rapids. Decided October 12, 2004. Approved for publication December 21, 2004, at 9:00 a.m.

Yankee Springs Township brought an action in the Barry Circuit Court to enjoin Richard Fox and others from using a lakefront lot for lake access in violation of the plaintiff's riparian-lot-use zoning ordinance. The court, James H. Fisher, J., entered an order permanently enjoining the defendants from using the lot for lake access. Fox appealed.

The Court of Appeals *held*:

1. The plaintiff has the authority to regulate Fox's riparian rights though its zoning ordinance. Fox's lakefront lot is located within the plaintiff's municipal boundaries and it does not matter that the lake itself is not wholly within the plaintiff's municipal boundaries.

2. The zoning ordinance is not void for vagueness because it provides fair notice of the conduct proscribed. Reasonable minds could not disagree regarding the meaning of the ordinance. Applying basic grammar rules and rules of statutory construction to the ordinance, there can be no question that Fox's lot qualified as access property regulated under the ordinance and does not meet the conditions required by the ordinance for use as access property.

3. The zoning ordinance does not deny Fox substantive due process. The ordinance is intended to protect and preserve lakes and to curtail lake access by nonriparian owners, which are reasonable governmental interests, and the ordinance is rationally related to its objectives. The ordinance is not unreasonable as an arbitrary and capricious exclusion of legitimate land uses. The fact that the ordinance does not regulate public lake access and does not regulate all types of lake access does not make it arbitrary or capricious. The regulations concerning riparian lot use apply uniformly to all residential riparian lots.

4. The plaintiff's claim was not barred by the defense of laches. While the doctrine of laches can be applied to bar an attempt to abate a zoning ordinance violation, Fox has the burden of proving

that the plaintiff's lack of due diligence resulted in some prejudice to him. The affidavit of a prior owner of the lot acknowledging that he was aware of the zoning ordinance, which affidavit was recorded with the register of deeds before Fox purchased his interest in the lot, gave Fox constructive notice of the ordinance before he purchased his interest in the lot. Fox therefore was not prejudiced by the plaintiff's delay in initiating the action.

Affirmed.

ZONING — RIPARIAN LAND — REGULATION OF LAKE ACCESS.

The location of riparian land, rather than the location of the lake abutting the land, determines a municipality's authority to regulate riparian rights; a municipality has the authority to regulate a riparian lot located within its boundaries even if the lake abutting the lot is not located wholly within the municipality's borders.

*Bauckham, Sparks, Rolfe, Lohrstorfer & Thall, P.C.* (by *John K. Lohrstorfer*), for the plaintiff.

*David H. Tripp* for the defendant.

Before: FORT HOOD, P.J., and DONOFRIO and BORRELLO, JJ.

PER CURIAM. Defendant Richard Fox, as an owner of an undivided one-eighth interest in 2620 First Street (the First Street lot), a riparian lot on Gun Lake previously owned by defendants John and Linda Rough, appeals as of right from the trial court order permanently enjoining defendant and several other First Street lot owners from using the First Street lot to access Gun Lake in violation of the plaintiff Yankee Springs Township's antifunneling ordinance found within its riparian-lot-use regulations. We affirm.

Defendant first argues that the plaintiff's riparian ordinance does not apply to Gun Lake because the lake is not wholly located within the plaintiff's borders. We disagree. We review the trial court's interpretation of

the township zoning ordinance de novo. *Brandon Charter Twp v Tippett*, 241 Mich App 417, 421; 616 NW2d 243 (2000).

In *Hess v West Bloomfield Twp*, 439 Mich 550, 562; 486 NW2d 628 (1992), our Supreme Court held that riparian rights are derived from land. Thus, it is the location of the riparian land, and not the location of the lake that abuts the land, that determines the plaintiff's authority and jurisdiction in this case. Further, the Township Zoning Act, MCL 125.271 *et seq.*, "permits townships to regulate riparian rights, such as dockage of boats, as part of their zoning power." *Hess, supra* at 565-566. Therefore, because the riparian lot at issue is located within plaintiff's boundaries and because plaintiff is authorized by statute to regulate riparian rights, plaintiff has the authority to regulate defendant's riparian rights in this case.

Defendant next contends that the riparian-lot-use regulations are void for vagueness because the regulations do not provide fair notice of the conduct proscribed. We review the constitutionality of this ordinance de novo. *Jott, Inc v Clinton Charter Twp*, 224 Mich App 513, 525; 569 NW2d 841 (1997).

A statute or ordinance may be void for vagueness if (1) it is overbroad and impinges on First Amendment freedoms, (2) it does not provide fair notice of the conduct it regulates, or (3) it gives the trier of fact unstructured and unlimited discretion in determining whether the statute has been violated. *Dep't of State v Michigan Ed Ass'n-NEA*, 251 Mich App 110, 116; 650 NW2d 120 (2002). Because defendant's void-for-vagueness challenge is limited to the argument that the ordinance does not provide fair notice of the conduct proscribed, we must examine the constitutionality of the ordinance " 'without concern for the hypothetical

rights of others.' " *People v Knapp*, 244 Mich App 361, 374 n 4; 624 NW2d 227 (2001), quoting *People v Vronko*, 228 Mich App 649, 652; 579 NW2d 138 (1998). Thus, " '[t]he proper inquiry is not whether the [ordinance] may be susceptible to impermissible interpretations, but whether the [ordinance] is vague as applied to the conduct allegedly proscribed in this case.' " *Knapp, supra* at 374 n 4, quoting *Vronko, supra* at 652.

The relevant section of the plaintiff's zoning ordinance concerning riparian-lot-use regulations provides as follows:

> In any zoning district where a parcel of land is contiguous to a lake or pond, either natural or man-made, such parcel of land may be used as access property or as common open space held in common by a subdivision, association or any similar agency; or held in common by virtue of the terms of a plat of record; or provided for common use under deed restrictions of record; or owned by two or more dwelling units located away from the waterfront only if the following conditions are met:
>
> 1. That said parcel of land shall contain at least 70 lineal feet of water frontage and a lot depth of at least 100 feet for each dwelling unit or each single-family unit to which such privileges are extended or dedicated. . . . [Section 15.14.2.]

Defendant argues that, under one permissible interpretation, the various types of ownership listed in the introductory paragraph of this section can be interpreted as modifying both "access property" and "common open space." According to defendant, if such an interpretation is adopted, the lot owners are not in violation of the ordinance because the First Street lot does not constitute access property "owned by two or more dwelling units located away from the waterfront." Defendant further contends that one can also interpret the types of ownership listed in the introductory para-

graph as modifying only "common open space." Under the second interpretation, defendant would be in violation of the ordinance because the First Street lot qualifies as access property.

Under the rules of grammar and statutory construction, which apply to ordinances, *Gora v City of Ferndale*, 456 Mich 704, 711; 576 NW2d 141 (1998), if reasonable minds can differ with respect to the meaning of a statute, judicial construction is appropriate. *Adrian School Dist v Michigan Pub School Employees' Retirement Sys*, 458 Mich 326, 332; 582 NW2d 767 (1998). However, we believe that reasonable minds could not disagree regarding the meaning of the ordinance.

The disjunctive term "or" refers to a choice or alternative between two or more things. *Root v Ins Co of North America*, 214 Mich App 106, 109; 542 NW2d 318 (1995). Accordingly, applying basic grammar rules and rules of statutory construction, the introductory paragraph set forth in § 15.14.2 of the zoning ordinance can only correctly be interpreted in one way. Consequently, there can be no question that for a parcel of land to be used as access property, it must comply with the conditions listed in § 15.14.2, including:

> 1. That said parcel of land shall contain at least 70 lineal feet of water frontage and a lot depth of at least 100 feet for each dwelling unit or each single-family unit to which such privileges are extended or dedicated. Frontage shall be measured by a straight line which intersects each side lot line at the water's edge.

At least eight families with nonwaterfront dwellings own one-eighth interests in the First Street lot. Because the lot has only 103 feet of water frontage, the riparian-lot-use regulations prohibit the use of the lot as access property. Thus, we find that the ordinance was not void for vagueness.

Defendant next argues that the ordinance is unconstitutional because it denies him substantive due process. We disagree.

As stated previously, we review the trial court's ruling on a constitutional challenge to a zoning ordinance de novo. *Jott, supra* at 525. Judicial review of a challenge to an ordinance on substantive due process grounds requires application of three rules:

> (1) the ordinance is presumed valid; (2) the challenger has the burden of proving that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of the property; that the provision in question is an arbitrary fiat, a whimsical ipse dixit; and that there is not room for a legitimate difference of opinion concerning its reasonableness; and (3) the reviewing court gives considerable weight to the findings of the trial judge. [*A & B Enterprises v Madison Twp*, 197 Mich App 160, 162; 494 NW2d 761 (1992).]

To establish that a zoning ordinance violates substantive due process protections, a party must show (1) that there is no reasonable governmental interest advanced by the zoning classification or (2) that the ordinance is unreasonable because it contains arbitrary, capricious, and unfounded exclusions of legitimate land use. *Frericks v Highland Twp*, 228 Mich App 575, 594; 579 NW2d 441 (1998).

The 1987 antifunneling ordinance in question explains the problems that led to its adoption, including overcrowding and pollution of lakes and other waterways, as well as the dangers to life and property posed by an increased risk of boating accidents. Likewise, the expressed intent of the riparian-lot-use regulations is that the regulations are designed to prevent funnel development and to protect and preserve lakes.

The protection of natural resources such as lakes is a reasonable governmental interest. In *Hess*, our Su-

preme Court stated that the Legislature, in granting townships the authority to promote public health, safety, and general welfare by enacting zoning ordinances, was complying with its "constitutional mandate to protect the environment, including bodies of water, from impairment or destruction." *Hess, supra* at 565. Protecting Gun Lake from congestion and pollution and protecting the public from the risk of increased boating accidents promotes public health, safety, and welfare. The goals of the ordinance are reasonable governmental interests that state law expressly permits townships to regulate. Further, limiting the number of dwelling units given access to riparian lots will curtail funneling, or lake access by nonriparian lot owners. Thus, the ordinance is rationally related to its stated purpose.

Furthermore, the ordinance is not unreasonable as an arbitrary and capricious exclusion of legitimate uses of land. We find a rational relationship between the ordinance and its objective. Limiting the number of dwelling units with lake access to one for every seventy feet of lakefront property would curtail lake congestion, pollution, and the risk of boating accidents by cutting down on overuse. The fact that the ordinance does not seek to regulate public lake access does not make it arbitrary or capricious. Likewise, the fact that the ordinance does not regulate all types of access does not mean it is not rationally related to its goals of reducing lake congestion, lowering the risk of accidents on the lake, and preserving the lake. On the contrary, the riparian regulations at issue limit overuse by cutting down on the private use of the lakefront by owners of nonwaterfront property. Thus, the regulations are neither arbitrary nor capricious.

Plaintiff's failure to similarly regulate the use of state-licensed marinas or planned unit developments or

to coordinate its riparian ordinance with ordinances of other townships surrounding the lake does not render the ordinance arbitrary and capricious. As our Supreme Court has cautioned:

> [I]t is the burden of the party attacking to prove affirmatively that the ordinance is an arbitrary and unreasonable restriction upon the owner's use of his property. . . . It must appear that the clause attacked is an arbitrary fiat, a whimsical *ipse dixit*, and that there is no room for a legitimate difference of opinion concerning its reasonableness. [*Brae Burn, Inc v Bloomfield Hills*, 350 Mich 425, 432; 86 NW2d 166 (1957).]

Here defendant has not shown that there is no room for a difference of opinion on the reasonableness of the ordinance. Again, the mere fact that the ordinance does not regulate all types of lakefront access, but only regulates lakefront access of residential riparian lots, does not lead to the conclusion that the ordinance is an arbitrary one. The ordinance's riparian-lot-use regulations apply uniformly to all residential riparian lots, and not just to defendant's lot. We therefore conclude that the ordinance is not an arbitrary restriction on defendant's use of his property.

Defendant finally argues that the trial court erred in finding that plaintiff's claim was not barred by the equitable affirmative defense of laches. We disagree. We review a trial court's equitable decisions de novo. *Webb v Smith (After Second Remand)*, 224 Mich App 203, 210; 568 NW2d 378 (1997). We review for clear error the findings of fact supporting the trial court's equitable decision. *Id.*

The doctrine of laches is concerned with unreasonable delay that results in "circumstances that would render inequitable any grant of relief to the dilatory plaintiff." *In re Contempt of United Stationers Supply*

*Co,* 239 Mich App 496, 503-504; 608 NW2d 105 (2000). The application of the doctrine of laches requires the passage of time combined with a change in condition that would make it inequitable to enforce the claim against the defendant. *Gallagher v Keefe,* 232 Mich App 363, 369; 591 NW2d 297 (1998). Laches does not apply unless the delay of one party has resulted in prejudice to the other party. *City of Troy v Papadelis (On Remand),* 226 Mich App 90, 97; 572 NW2d 246 (1997). " 'It is the effect, rather than the fact, of the passage of time that may trigger the defense of laches.' " *Id.,* quoting *Great Lakes Gas Transmission Co v MacDonald,* 193 Mich App 571, 578; 485 NW2d 129 (1992). The defendant has the burden of proving that the plaintiff's lack of due diligence resulted in some prejudice to the defendant. *Gallagher, supra* at 369-370. Laches can be applied to bar an attempt to abate a zoning ordinance violation. *Independence Twp v Skibowski,* 136 Mich App 178, 185; 355 NW2d 903 (1984).

Defendant presented testimony that plaintiff knew of John Rough's plan to sell undivided one-eighth interests in his riparian lot to provide nonriparian lot owners with private lakefront access as early as 1994, as evidenced by the fact that the plaintiff's assessor and supervisor warned Rough at that time that his actions violated the plaintiff's antifunneling ordinance. According to defendant, plaintiff, despite knowing of Rough's plan in 1994, failed to initiate its action to enforce the antifunneling ordinance until March 2002 and, therefore, failed to exercise due diligence in bringing its action against defendant.

On June 4, 1997, Rough filed an affidavit with the Barry County Register of Deeds acknowledging that he was aware of the existence of an antifunneling ordinance before he pursued his plan to convey undivided

interests in the First Street lot for lakefront access. The trial court, relying on the fact that Rough's affidavit was recorded in 1997, concluded that defendant and the other First Street lot owners had constructive notice that plaintiff had an antifunneling ordinance before they purchased their interests in the First Street lot. Therefore, according to the trial court, defendant was not prejudiced by plaintiff's delay in initiating its action.

Defendant contends that constructive notice was insufficient to permit the conclusion that defendant was not prejudiced by plaintiff's dilatory tactics. In *Larzelere v Starkweather*, 38 Mich 96, 107 (1878), our Supreme Court stated:

> There are cases which go very far in extending the doctrine of laches in applying the rule of constructive notice. We think, however, the better and certainly the safer rule to be that a mere want of caution is not sufficient,—not that [a party] had incautiously neglected to make inquiries, but that he had designedly abstained from making inquiry for the very purpose of avoiding knowledge. In other words, that he acted in bad faith.

To the extent that this language can be interpreted as suggesting that constructive notice is insufficient when applying the doctrine of laches, we conclude that it is inapplicable because it speaks to a set of facts not present in this case.[1] When Rough first informed plain-

---

[1] Moreover, we observe that in *Larzelere,* our Supreme Court recognized that, notwithstanding the doctrine of stare decisis, a rule of law from a case that is factually distinguishable may not be binding on a different set of facts:

> In the preparation of an opinion, the facts of the case are in mind. It is prepared with reference to such facts, and when considered in connection therewith, will generally be found satisfactory. When, however, an attempt is made to pick out particular parts or sentences, and apply them indiscriminately in other cases,

tiff of his plan to subdivide the First Street lot to provide lakefront access, plaintiff told him that such actions were in violation of the plaintiff's antifunneling ordinance. Thereafter, plaintiff sent Rough a letter specifically informing him that his conveyances of one-eighth interests in the First Street lot were not in compliance with the riparian-lot-use regulations of the plaintiff's zoning ordinance. The trial court correctly held that, following Rough's recording of the affidavit with the register of deeds, plaintiff had every reason to believe that any potential buyers of a one-eighth interest in the First Street lot had, at the very least, constructive notice of the plaintiff's position regarding enforcement of its antifunneling ordinance relative to the First Street lot. At a minimum, on the basis of the filing of the affidavit, defendant had constructive notice of the existence of plaintiff's antifunneling ordinance in 1997, before he purchased a one-eighth interest in the First Street lot. Therefore, he was not prejudiced by plaintiff's failure to initiate this action until 2002. We hold that the trial court did not err in concluding that plaintiff's claims were not barred by laches.

Affirmed.

---

nothing but confusion and disaster will be likely to follow. In other words, the opinion and decision of a court must be read and examined as a whole in the light of the facts upon which it was based. [*Larzelere, supra* at 101.]