FOREST HILL ENERGY-FOWLER FARMS, LLC v BENGAL TOWNSHIP, No. 152060; Court of Appeals No. 319134.

KUBACKI v TRAN, No. 152267; Court of Appeals No. 319821.

PEOPLE v LOUKAS, No. 152284; Court of Appeals No. 318572.

PEOPLE v WAYNE DAVIS, No. 152302; Court of Appeals No. 321762.

PEOPLE v KLINGENBERG, No. 152464; Court of Appeals No. 319534.

*In re* YARBROUGH, Nos. 153129 and 153130; Court of Appeals Nos. 326170 and 326171.

*Summary Disposition April 8, 2016:*

PEOPLE v ROBERT SMITH, No. 151663; Court of Appeals No. 316224. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we remand this case to the Wayne Circuit Court to determine whether the court would have imposed a materially different sentence under the sentencing procedure described in *People v Lockridge*, 498 Mich 358 (2015). On remand, the trial court shall follow the procedure described in Part VI of our opinion. If the trial court determines that it would have imposed the same sentence absent the unconstitutional constraint on its discretion, it may reaffirm the original sentence. If, however, the trial court determines that it would not have imposed the same sentence absent the unconstitutional constraint on its discretion, it shall resentence the defendant. In all other respects, leave to appeal is denied, because we are not persuaded that the remaining questions presented should be reviewed by this Court. The motion to stay and the motion for guidance are denied. We do not retain jurisdiction.

HOLETON v CITY OF LIVONIA, No. 152413; Court of Appeals No. 321501. Pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we vacate Part V of the judgment of the Court of Appeals, and we remand this case to that court. On remand, while retaining jurisdiction, the Court of Appeals shall remand this case to the Wayne Circuit Court for further proceedings to determine whether the defendants were prejudiced by the plaintiffs' delay in bringing their action. At the conclusion of those proceedings, the circuit court shall forward the record and its findings to the Court of Appeals, which shall then reconsider its decision that the plaintiffs' claims for injunctive and declaratory relief were barred by the equitable doctrine of laches. See *Lothian v City of Detroit*, 414 Mich 160, 168 (1982). We do not retain jurisdiction.

*Superintending Control Denied April 8, 2016:*