# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN HOLETON and PAULINE HOLETON,

Plaintiffs-Appellants,

v

CITY OF LIVONIA, LAURA M. TOY,
MAUREEN MILLER BROSNAN, JOHN R.
PASTOR, BRANDON M. KRITZMAN, JAMES
C. MCCANN, JOE LAURA, and THOMAS A.
ROBINSON,

Defendants-Appellees.

UNPUBLISHED
August 2, 2016

No. 321501
Wayne Circuit Court
LC No. 14-000104-CZ

## ON REMAND

Before: HOEKSTRA, P.J., and JANSEN and METER, JJ.

PER CURIAM.

This case returns to us on order of our Supreme Court, which, in lieu of granting leave to appeal, vacated Part V of our prior judgment and remanded the case to this Court. The Supreme Court directed this Court to remand the case to the trial court in order for that court to determine whether defendants were prejudiced by plaintiffs' delay in bringing this action, and the Supreme Court then directed this Court to reconsider after the conclusion of the trial court proceedings our decision that plaintiffs' claims for injunctive and declaratory relief were barred by the doctrine of laches"[1] The case was remanded to the trial court, which held a hearing on the issue and concluded that defendants were not prejudiced by the delay in filing the action. On further consideration of the issue, we conclude that plaintiffs' claims for injunctive and declaratory relief were not barred by the doctrine of laches. Accordingly, we affirm the trial court's order concluding that defendants were not prejudiced by the delay in filing the complaint and remand for further proceedings.

---

[1] *Holeton v Livonia*, 499 Mich 898; 876 NW2d 826 (2016).

-1-

The sole issue on remand is whether plaintiffs' equitable claims for injunctive and declaratory relief were barred by the doctrine of laches. Defendants contend that they were prejudiced by the delay in filing the action because the change in the composition of the Livonia City Council and the Infrastructure and Community Transit Committee (ICTC) constitutes a change in circumstances that would render imposition of injunctive or declaratory relief inequitable. We disagree.

We review de novo the issue whether to apply equitable doctrines, including the doctrine of laches. *Knight v Northpointe Bank*, 300 Mich App 109, 113; 832 NW2d 439 (2013). "We review for clear error the findings of fact supporting the trial court's equitable decision." *Twp of Yankee Springs v Fox*, 264 Mich App 604, 611; 692 NW2d 728 (2004). "If a plaintiff has not exercised reasonable diligence in vindicating his or her rights, a court sitting in equity may withhold relief on the ground that the plaintiff is chargeable with laches." *Knight*, 300 Mich App at 114. The doctrine of laches is " 'the passage of time combined with a change in condition which would make it inequitable to enforce a claim against the defendant.' " *Lothian v Detroit*, 414 Mich 160, 168; 324 NW2d 9 (1982) (citation omitted). Laches is not measured only by the passage of time, but instead considers the prejudice caused by the delay. *Id*. Our Supreme Court has stated, " ' [w]here the situation of neither party has changed materially, and the delay of one has not put the other in a worse condition, the defense of laches cannot * * * be recognized.' " *Id*. (citation omitted; alteration in original). Thus, laches involves the effect of the delay. *Id*.

We conclude that the trial court did not err in determining that enforcing a claim for declaratory or injunctive relief would not prejudice defendants. Defendants fail to establish how the composition of the City Council and the ICTC affects their ability to defend the case. As the trial court explained, the meetings were videotaped, thus preserving a record of what transpired during the meetings. In addition, defendants did not argue that they could no longer pursue a claim against any third parties because of the delay. Furthermore, as the trial court discussed, defendants did not argue that the prior board members will not be available to testify. Finally, as noted by the trial court, plaintiffs sought equitable relief against the City Council, rather than its members in an individual capacity. Therefore, we conclude that the change in the composition of the City Council and the ICTC did not constitute a change in condition that would make it inequitable to enforce a claim against defendants, and defendants are not in a worse condition because of the delay. See *Lothian*, 414 Mich at 168.

Because we conclude that plaintiffs' claims for injunctive and declaratory relief were not barred by the doctrine of laches, we further conclude that amendment of the complaint to add the City Council and the ICTC as parties was not futile on that basis. See MCR 2.118(A)(2); *Miller v Chapman Contracting*, 477 Mich 102, 105; 730 NW2d 462 (2007).

We affirm the trial court's order concluding that defendants were not prejudiced and remand for further proceedings in accordance with this opinion and in accordance with the conclusions from our previous opinion that remain unaltered by the Supreme Court's order or this opinion. We do not retain jurisdiction.

/s/ Joel P. Hoekstra
/s/ Kathleen Jansen
/s/ Patrick M. Meter