*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TOWNSHIP OF FRASER,

        Plaintiff-Appellee,

v

HARVEY HANEY,

        Defendant-Appellant.

UNPUBLISHED
July 09, 2025
11:52 AM

No. 368834
Bay Circuit Court
LC No. 16-003272-CH

Before: O'BRIEN, P.J., and M. J. KELLY and KOROBKIN, JJ.

PER CURIAM.

This is a nuisance abatement action to enjoin a piggery owned by defendant, Harvey Haney, on real property within the boundaries of plaintiff, Township of Fraser, under its zoning ordinance. Defendant contended that he should be permitted to continue raising his pigs under the Right to Farm Act (RTFA), MCL 286.471 *et seq*., and the equitable doctrines of laches and equitable estoppel. After a bench trial, the trial court entered judgment in favor of plaintiff, and defendant appeals.[1] As explained below, the trial court erred as a matter of law in concluding that the RTFA defense was unavailable on nonretroactivity grounds, and did not make the additional factual findings necessary under the RTFA to enable further appellate review. The trial court did not err, however, in deciding that laches and equitable estoppel do not bar the action. We vacate and remand.

## I. BACKGROUND AND FACTS

Defendant purchased most of his property in 1986. The property has always been zoned commercial, and raising livestock has never been an allowed use of the property under plaintiff's zoning ordinance, which has been in place since the 1970s. According to defendant's testimony, he decided to begin a farm in 1989, and the township supervisor at the time told defendant that

---

[1] This case previously climbed the appellate ladder on a threshold issue concerning whether plaintiff's action was time-barred under the statute of limitations, and our Supreme Court held that it was not. *Twp of Fraser v Haney*, 509 Mich 18; 983 NW2d 309 (2022).

although his property was just under the required acreage, it was "close enough." Believing that he had the township's approval, defendant began raising deer and elk. He obtained a permit from the state, but he inaccurately indicated in his application that the property was zoned agricultural rather than commercial. The state ultimately revoked defendant's license for his captive cervidae facility in protracted proceedings that ended with defendant removing the animals in 2016.

Defendant testified that he started raising mule foot hogs, a type of pig, on his property in 2006. In 2009, the state sent a letter to plaintiff's zoning administrator noting its enforcement actions as to the 300 deer and 50 elk on defendant's property, and that it had also observed 50 "wild boars." Defendant denied ever having wild boar, but he admitted that a layperson would probably not appreciate the distinction between wild boar, which became illegal to possess in 2012, and pigs. Plaintiff contends that it first became aware that defendant had pigs on his property after the deer farm was shut down in 2016, and that it commenced this action shortly thereafter.

The trial court held that defendant's pig operation was in violation of plaintiff's zoning ordinance and granted plaintiff's complaint for injunctive relief. Defendant now appeals by right.

## II. STANDARDS OF REVIEW

"We review the trial court's findings of fact in a bench trial for clear error and conduct a review de novo of the court's conclusions of law." *Chapdelaine v Sochocki*, 247 Mich App 167, 169; 635 NW2d 339 (2001). "A finding is clearly erroneous where, after reviewing the entire record, this Court is left with a definite and firm conviction that a mistake has been made. This Court is especially deferential to the trial court's superior ability to judge of the relative credibility of witnesses." *Astemborski v Manetta*, 341 Mich App 190, 195; 988 NW2d 857 (2022) (quotation marks, brackets, and citation omitted). "Although equity cases are themselves reviewed de novo, as are the applicability and interpretation of equitable doctrines, the propriety of the actual relief granted by the trial court is strictly discretionary and depends on the facts of the particular case." *Davis v Secretary of State*, 346 Mich App 445, 459; 12 NW3d 653 (2023). "A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes." *Id*. "A trial court necessarily abuses its discretion when it makes an error of law." *Woodman v Dep't of Corrections*, 511 Mich 427, 439-440; 999 NW2d 463 (2023).

## III. ANALYSIS

## A. RIGHT TO FARM ACT

Defendant first argues that the trial court erred because the RTFA allows him to continue his pig operation. We agree with defendant that the trial court erred as a matter of law by holding that the RTFA defense was unavailable to him because the RTFA did not apply "retroactively," but we are unable to evaluate whether defendant otherwise satisfied the elements of an RTFA defense without further findings from the trial court. Accordingly, we vacate and remand.

"The RTFA was enacted in 1981 to establish circumstances under which a farm and its operation may not be deemed a public or private nuisance." *Twp of Williamstown v Sandalwood Ranch, LLC*, 325 Mich App 541, 548; 927 NW2d 262 (2018).

The Legislature undoubtedly realized that, as residential and commercial development expands outward from our state's urban centers and into our agricultural communities, farming operations are often threatened by local zoning ordinances and irate neighbors. It, therefore, enacted the Right to Farm Act to protect farmers from the threat of extinction caused by nuisance suits arising out of alleged violations of local zoning ordinances and other local land use regulations as well as from the threat of private nuisance suits. [*Northville Twp v Coyne*, 170 Mich App 446, 448-449; 429 NW2d 185 (1988).]

"The RTFA provides an affirmative defense to a nuisance action if a defendant can prove two conditions: (1) the challenged condition or activity constitutes a 'farm' or 'farm operation' and (2) the farm or farm operation conforms to the generally accepted agricultural and management practices [(GAAMPs)]." *James Twp v Rice*, 509 Mich 363, 370-371; 984 NW2d 71 (2022). The burden is on the defendant to prove those two requirements by a preponderance of the evidence. See *Lima Twp v Bateson*, 302 Mich App 483, 495-496; 838 NW2d 898 (2013). A "farm" or a "farm operation" requires "commercial production of a farm product," meaning that the product must be "intended to be marketed and sold at a profit." *Id*. at 495, 497-498 (quotation marks and citation omitted).

"In addition, the RTFA was amended, effective March 10, 2000, to include MCL 286.474(6), which preempts local ordinances such that a farmer's activities falling within the purview of the act cannot be barred by ordinance." *James Twp*, 509 Mich at 371. As amended, MCL 286.474(6) states in relevant part that after June 1, 2000, "a local unit of government shall not enact, maintain, or enforce an ordinance, regulation, or resolution that conflicts in any manner with this act or [GAAMPs] developed under this act." If a farm or farm operation "conforms to [GAAMPs] according to a policy determined by the Michigan commission of agriculture," it cannot "be found to be a public or private nuisance." MCL 286.473(1).

Defendant first argues that the trial court erred by holding that plaintiff could enforce its zoning ordinance on grounds that the RTFA is not retroactive. We agree. The trial court cited *Travis v Preston (On Rehearing)*, 249 Mich App 338, 345-346; 643 NW2d 235 (2002), to support its holding that the 2000 amendment to the RTFA does not apply retroactively. In that case, however, the hog-farming operation at issue began in 1996, and the trial court entered judgment in 1999. Additionally, the plaintiffs in the case sought only damages, not injunctive relief. In other words, all of the relevant events in *Travis* occurred before the effective date of the 2000 amendment to the RTFA. In this case, plaintiff's zoning ordinance has not changed since the 1970s, so under *Travis* the 2000 amendment to the RTFA did not retroactively invalidate that ordinance as applied to pre-2000 activity. But defendant began his pig farming operation after 2000, and plaintiff seeks only injunctive—not retrospective—relief. MCL 286.474(6), by providing that "a local unit of government shall not enact, *maintain*, or *enforce* an ordinance, regulation, or resolution that conflicts in any manner with this act or [GAAMPs]" (emphasis added), prohibits prospective enforcement of a zoning ordinance that is contrary to the RTFA and GAAMPs, even if the enactment of the ordinance itself predated the 2000 amendment to the RTFA. Therefore, the trial court erred as a matter of law by holding that defendant's MCL 286.474(6) defense to plaintiff's nuisance abatement action was barred under *Travis*.

Because plaintiff's zoning ordinance must yield to the RTFA and GAAMPs, we turn to whether defendant has raised a meritorious RTFA defense. To do so, defendant must show that (1) his activities constitute a farm or farm operation and (2) that the farm or farm operation conforms to the GAAMPs. *James Twp*, 509 Mich at 370-371. The trial court determined that it was undisputed that defendant had a farm operation. We discern no error, much less clear error, in classifying defendant's activities as a farm operation. Defendant testified that he initially raised elk and deer, and later approximately 50 pigs, for profit. He also testified that he would sell variable amounts of pigs for hunting at $400 to $450 apiece and would sell approximately twenty pigs per year at auction where they would fetch $150 to $250 each. "There is no minimum level of sales that much be reached before the RTFA is applicable." *Shelby Charter Twp v Papesh*, 267 Mich App 92, 101 n 4; 704 NW2d 92 (2005). Defendant therefore met his burden to show that he was engaged in the "commercial production of a farm product," because he cultivated animals that were "intended to be marketed and sold at a profit." *Lima Twp*, 302 Mich App at 495, 497-498 (quotation marks and citation omitted).

However, because the trial court held that the RTFA did not apply, it did not make any factual findings or a legal determination regarding the second element of the RTFA defense: whether defendant's farm operation conformed to "all applicable GAAMPs." *Shelby Charter Twp*, 267 Mich App at 105. "In actions tried on the facts without a jury . . . , the [trial] court [must] find the facts specially, state separately its conclusions of law, and direct entry of the appropriate judgment." MCR 2.517(A)(1). The trial court's failure to make factual findings regarding defendant's compliance with applicable GAAMPs inhibits appellate review of this issue, and requires a remand for the trial court to make such findings in the first instance. See *Lima Twp*, 302 Mich App at 500-501 (remanding for trial court to make findings on compliance with GAAMPs).

On remand, the trial court should make the appropriate findings on the existing trial record, as defendant "bear[s] the burden to prove compliance with the GAAMPs by a preponderance of the evidence," *id*. at 501, and identified no error by the trial court in excluding evidence he sought to introduce for that purpose. The trial court must also determine, in the first instance, which GAAMPs, if any, are applicable. See, e.g., *Shelby Charter Twp*, 267 Mich App at 104 (observing that "it is unclear from this record whether the site selection GAAMPs even apply to defendants. Site selection GAAMPs were promulgated in 2000 and only apply to new and expanding farms."). If the trial court finds that the record supports defendant's compliance with applicable GAAMPs by a preponderance of the evidence, then judgment must be entered in defendant's favor. If it does not, then judgment may be reinstated in favor of plaintiff.[2]

---

[2] Plaintiff makes an alternative argument that GAAMPs are unconstitutional under Const 1963, art 7, § 17 and conflict with the Michigan Zoning Enabling Act, MCL 125.3101 *et seq*. Plaintiff argues that there has never been a legislative act approving GAAMPs; however, the text of the RTFA explicitly delegates the formulation of GAAMPs to the Department of Agriculture. MCL 286.473. Because plaintiff otherwise fails to develop this argument with analysis or citation to authority, it is waived. See *Sherman v Sea Ray Boats, Inc*, 251 Mich App 41, 57; 649 NW2d 783

## B. LACHES

Defendant next argues that plaintiff's nuisance abatement action was barred by the doctrine of laches. We disagree.

"Laches is an equitable tool that may be used to remedy the inconvenience or prejudice to a party caused by an improper delay in asserting a right." *Davis*, 346 Mich App at 462. "Laches can be applied to bar an attempt to abate a zoning ordinance violation." *Twp of Yankee Springs v Fox*, 264 Mich App 604, 612; 692 NW2d 728 (2004). For laches to apply, the enforcing party must have unreasonably delayed its enforcement efforts and that delay must have caused prejudice to the other party. *Id*. at 611-612. Stated differently, the defendant must prove that the plaintiff's lack of due diligence prejudiced them. *Id.* at 612. In general, "due diligence means undertaking reasonable, good-faith measures under the circumstances, not necessarily undertaking everything possible." *Ickes v Korte*, 331 Mich App 436, 443; 951 NW2d 699 (2020).

Here, defendant has not shown that the trial court erred by holding that plaintiff acted diligently. Defendant testified that he began raising pigs on the property in 2006, but the trial court did not credit this testimony, instead crediting the testimony of the township supervisor that plaintiff discovered the mule foot hogs in 2016. We must defer to the trial court's credibility determinations. See *In re Medina*, 317 Mich App 219, 227; 894 NW 2d 653 (2016). Although defendant argues that plaintiff was on notice of the pigs at least by 2009 when the state notified plaintiff about its enforcement efforts related to the deer farm, the state's letter to plaintiff specified that defendant had "wild boars." The complaint, instead, seeks to abate defendant's *domestic hogs*. Defendant claimed that he never had wild boars but admitted that a layperson would not be able to observe a difference between boars and pigs. Indeed, the township supervisor who testified at trial could not explain the difference. Therefore, the letter does not conclusively establish that plaintiff was on notice of pigs such that the trial court clearly erred in its factual findings. Further, the state outlawed wild boar in 2012, which plaintiff believed ended the matter concerning the boars. According to testimony at trial, plaintiff believed that the state had ordered defendant to remove all of his animals, and it filed suit promptly when it discovered for the first time that there were pigs on the property in 2016. Defendant also had no answer when asked how plaintiff would notice a relatively small number of pigs among hundreds of deer and elk when all of the animals coexisted on his property until 2016.

The trial court's finding of no undue delay was in part a credibility assessment to which this Court must defer. See *Astemborski*, 341 Mich App at 195. And because defendant has not undermined the trial court's conclusion that plaintiff promptly sought abatement of the pig nuisance, the trial court did not err by holding that laches did not bar the suit. See *Yankee Springs*, 264 Mich App at 611-612.

---

(2002) ("A party may not leave it to this Court to search for authority to sustain or reject its position."). Therefore, we will not further address it.

## C. EQUITABLE ESTOPPEL

Finally, defendant argues that plaintiff is equitably estopped from obtaining an injunction on the basis of supposed permission granted by a previous township supervisor. Again, we disagree.

"Equitable estoppel may preclude the enforcement of a zoning ordinance if a party reasonably relies to its prejudice on a representation made by the municipality." *Reaume v Twp of Spring Lake*, 328 Mich App 321, 326-327; 937 NW2d 734 (2019), aff'd in part and vacated in part on other grounds 505 Mich 1108 (2020). A municipality may be estopped from enforcing its zoning ordinance if it grants official permission to do something that is not actually allowed under its ordinance, and it then waits to correct its error until after the permittee has relied in good faith on that permit and expended significant resources constructing specialty facilities that cannot be put to any other use. *Pittsfield Twp v Malcolm*, 375 Mich 135, 148; 134 NW2d 166 (1965). Similarly, a governmental entity may be estopped from suddenly enforcing its rights against an innocent third party if its officials formally, even if illegally, spent almost two decades affirmatively acting as if it had no rights to enforce while the innocent parties expended significant resources relying on the governmental entity's conduct. *Oliphant v State*, 381 Mich 630, 635-638; 167 NW2d 280 (1969). Generally, however, townships "will not be estopped from enforcing their ordinance absent exceptional circumstances." *Twp of Williamstown*, 325 Mich App at 553 (quotation marks and citation omitted). "Casual private advice offered by township officials does not constitute exceptional circumstances." *Reaume*, 328 Mich App at 328 (quotation marks and citation omitted).

No such exceptional circumstances exist here, as we agree with the trial court's determination that defendant did not establish that he received official or formal permission from plaintiff. Instead, under defendant's recitation of the facts, the individual township supervisor only told defendant that his acreage was "close enough" and did not tell him that raising deer or pigs was forbidden. In other words, the supervisor did not tell defendant that the farm was formally approved, cf. *Pittsfield Twp*, 375 Mich at 148, or affirmatively act as if defendant's farm was approved, cf. *Oliphant*, 381 Mich at 635-638. We disagree with defendant's argument that the township official's actions constituted approval that imbued him with a vested property right to operate a farm. At most, defendant received "casual private advice" from an individual official, which "does not constitute exceptional circumstances" justifying equitable estoppel. See *Reaume*, 328 Mich App at 328. Even if it could be said that the supervisor's statements blessed defendant's plan, "[a] municipality cannot be estopped from enforcing a zoning ordinance because of the unauthorized action of its agents and administrative employees in granting permissive authority contrary to the terms of the ordinance." *Blackman Twp v Koller*, 357 Mich 186, 189; 98 NW2d 538 (1959).

Defendant contends that his farming operation should have been apparent to anyone nearby, but, even if that is true, merely failing to enforce an ordinance is insufficient to give rise to equitable estoppel. *Lyon Charter Twp*, 317 Mich App at 489 ("[A] historical failure to enforce a particular zoning ordinance, standing alone, is insufficient to preclude enforcement in the present.")

Furthermore, the trial court found defendant's testimony that he believed he had permission to start his deer farm not credible, which is a finding to which this Court must defer. *Astemborski*, 341 Mich App at 195. Defendant accurately observes that his testimony was unrebutted, but the trial court is permitted to draw credibility determinations at a bench trial. See *id*. A trier of fact is entitled to disbelieve any part of the evidence presented. *Bank of America, NA v Fidelity Nat'l Title Ins Co*, 316 Mich App 480, 512; 892 NW2d 467 (2016). A trial court's findings at a bench trial are entitled to less deference on appeal than the findings of a jury, *Beason v Beason*, 435 Mich 791, 804; 460 NW2d 207 (1990), but defendant does not cite any caselaw holding that the trial court at a bench trial is required to accept unrebutted testimony.

In sum, we conclude that the trial court did not err in rejecting defendant's equitable estoppel defense.

## IV. CONCLUSION

The trial court erred as a matter of law in holding that defendant could not pursue a defense under the RTFA on grounds that the statute does not apply retroactively. Defendant has established that his activities constitute a "farm" or "farm operation" under the RTFA, and we remand for the trial court to make findings concerning whether defendant complied with applicable GAAMPs. The trial court did not err in rejecting the defenses of laches and equitable estoppel.

The judgment in favor of plaintiff is vacated, and the case remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Colleen A. O'Brien
/s/ Michael J. Kelly
/s/ Daniel S. Korobkin